WALTER ZATOR, next friend of Alan Ronald Zator, Plaintiff-Appellant, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, Defendant-Appellee (U.S.D.C. No. CV-85-0935 MHP)

(NINTH CIRCUIT NO. 86-2190)

AND

WALTER ZATOR, next friend of Alan Ronald Zator, Plaintiff-Appellee, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation, Defendant-Appellant (U.S.D.C. No. CV-85-0935-MHP)

(NINTH CIRCUIT NO. 86-2220)

NO. 12292

APRIL 4, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

I.

The Court of Appeals for the Ninth Circuit has certified two questions of law to this court based upon the following set of facts:

On November 14, 1979, Alan Zator ("Zator") was struck by a car while he was walking across a highway, and was rendered mentally incompetent as a result. Zator's attorney and State Farm Insurance Co. (the insurer of the alleged driver) exchanged letters establishing that Zator's personal injury claims would be settled for $25,000 leaving open his claim for no-fault benefits. On September 23, 1981, Rosemary Leary was appointed by a Hawaii state court as guardian of Zator's property. The letter of guardianship expressly authorized Leary to settle the $25,000 personal injury claim. Shortly thereafter, Leary settled the $25,000 personal injury claim on Zator's behalf.

Leary took no action to pursue the no-fault claim. However, on July 6, 1984, Zator's attorney wrote a letter to State Farm requesting payment of the no-fault benefits. On August 7, 1985, Walter Zator — Zator's father — filed suit in U.S. District Court as next friend of Alan Zator. Walter Zator sought a declaratory judgment that Zator was entitled to $15,000 in no-fault benefits.

State Farm filed a motion for summary judgment, arguing that the suit had not been filed within the two-year statute of limitation period provided in the Hawaii no-fault chapter, Hawaii Revised Statutes (HRS) § 294-36.[1] Walter Zator filed a cross-motion for summary judgment. He noted that HRS § 657-13, a provision in

---

[1] In pertinent part, HRS § 294-36 provides:

No suit shall be brought on any contract providing no-fault benefits or any contract providing optional additional coverage more than . . . [t]wo years from the date of the motor vehicle accident upon which the claim is based[.]

the Hawaii chapter on statutes of limitation, tolls the running of the limitation period if at the time a cause of action accrues the person entitled to bring the action is insane.[2] He then argued that HRS § 657-13 applies to the no-fault limitation period set forth in HRS § 294-36, and thus operated to toll the running of the statute of limitation on Zator's no-fault claim because of Zator's disability.

The district court agreed with Walter Zator's argument that the tolling provision in HRS § 657-13 applies to the no-fault limitation period.

Nevertheless, the court granted State Farm's motion for summary judgment. The district court held that the letter of guardianship gave Leary the power to prosecute Zator's no-fault claim, notwithstanding Walter Zator's argument that Leary only had authority to pursue the $25,000 personal injury claim. The court stated that HRS § 560:5-424(c)(24) grants the guardian of a disabled person's property the power to prosecute claims for the protection of estate assets unless otherwise limited. The court found that Leary had not been limited from pursuing Zator's no-fault claim.

The court then held that the Hawaii tolling provision ceased to apply when Leary obtained the right of action over the no-fault claim. Thus, the two-year statute of limitation began to run when Leary was appointed guardian over Zator's property. The court concluded that because Zator's no-fault claim had been brought more than two years after Leary's appointment, the claim was barred by the statute of limitation.

## II.

The certified questions as posed to this court read:

1) Does the tolling provision of HRS § 657-13 apply to toll the running of the two-year statute of limitation period prescribed by HRS § 294-36?

---

[2] In pertinent part, HRS § 657-13 provides:

If any person entitled to bring any action specified in this part . . . is, at the time the cause of action accrued, . . . [i]nsane; . . . such person shall be at liberty to bring such actions within the respective times limited in this part, after the disability is removed or at any time while the disability exists.

2) Did the statute of limitation on Zator's no-fault claim begin to run when Leary was appointed as guardian of Zator's property?

### III.

Our answer to the first question is yes. The no-fault statute of limitations set forth in HRS § 294-36 bars the bringing of a suit for no-fault benefits more than two years from the date of the motor vehicle accident. However, the statute is silent as to whether it is tolled if the person entitled to bring the suit is rendered insane on account of the accident. The general tolling provision for statutes of limitations set forth in HRS § 657-13 provides for tolling of the statute in cases of insanity. Therefore, the two statutes obviously create an ambiguity in the law which requires this court to determine whether the tolling provision of HRS § 657-13 applies to toll HRS § 294-36.

"Laws *in pari materia, or upon the same subject matter,* shall be construed with reference to each other. . . ." HRS § 1-16 (emphasis added).

Where statutory language is unclear, we may look to the policies behind the enactment of the statutory provisions to ascertain legislative intent. *State v. Taylor,* 49 Haw. 624, 425 P.2d 1014 (1967). State Farm asserts that the policy behind the no-fault chapter favors prompt compensation of claims and dictates strict compliance with its two-year limitations period. Walter Zator argues that such policy favors liberal construction of the statute to achieve the beneficial purpose of the chapter.

State Farm's position fails because we are unable to discern a legislative policy which supports a legislative intent to allow for tolling of general statutes of limitations for those unable, for reasons of insanity, to assert their claims, but to disallow for such tolling under the no-fault statute of limitations. We cannot presume that the legislature intended a discriminatory and illogical policy.

In *Hun v. Center Properties,* 63 Haw. 273, 626 P.2d 182, *reh'g denied,* 63 Haw. 676 (1981), we held that the tolling provision of HRS § 657-13 applies to toll the two-year limitations period set

forth in HRS § 663-3 under the wrongful death statute. We stated that the two-year limitations period merely affects the remedy and not the right of action. We are guided by *Hun* and see no reason to depart from its reasoning.

We also choose to follow those cases holding that the no-fault limitations period is tolled by the State's general tolling statute. *See Lemmons v. Ransom*, 670 S.W.2d 478 (Ky. 1984); *Jessica H. v. Allstate Insurance Co.*, 155 Cal. App. 3d 590, 202 Cal. Rptr. 239 (1984); *Rawlins v. Aetna Cas. & Sur. Division*, 92 Mich. App. 268, 284 N.W.2d 782 (1979).

## IV.

Our answer to the second question is yes. Having held that the no-fault statute of limitations is tolled because the claimant is mentally incompetent at the time the cause of action accrued, the question remains as to whether this statute begins to run once a guardian is appointed over the incompetent person's property.

State Farm contends that as the guardian of Zator's property, Leary was empowered to prosecute all claims for the protection of his estate, including his claim for no-fault benefits; thus the statute began to run from the date of her appointment.

Walter Zator argues that because Leary was appointed for handling only Zator's personal injury claim, her appointment did not trigger the running of the statute of limitations on Zator's no-fault claim.

A guardian of the property of a disabled person has the power to prosecute claims for the protection of assets unless otherwise limited. HRS § 560:5-424(c)(24).[3] However, such limitations must be expressly endorsed upon the guardian's letters of guardianship. HRS § 560:5-426.[4] Leary's letters of guardianship authorized her

---

[3] In pertinent part, HRS § 560:5-424(c)(24) provides, "[a] guardian of the property . . . may . . . [p]rosecute or defend actions, claims or proceedings in any jurisdiction for the protection of estate assets and of the guardian of the property in the performance of the guardian's duties[.]"

[4] In pertinent part, HRS § 560:5-426 provides:

The court may, at the time of appointment or later, limit the powers of a guardian of the property otherwise conferred by sections 560:5-424 and 560:5-

to compromise Zator's bodily injury claims and contained no express limitations impairing her ability to seek no-fault benefits for Zator. Absent such limitations, Leary's appointment gave her the right of action to bring Zator's no-fault claim. Consequently, we hold that the statute of limitations commenced running upon her appointment. Leary's failure to bring a claim for no-fault benefits within the statute of limitations period bars her recovery of these benefits on Zator's behalf.

*Dennis K. Ferm (Ian L. Mattoch* with him on the brief) for Walter Zator.

*Kevin P. H. Sumida (Clyde Wm. Matsui, Randall Y. S. Chung,* and *Gary W. B. Chang* with him on the brief) for State Farm Mutual Automobile Insurance Company.

---

425, or previously conferred by the court, and may at any time relieve the guardian of any limitation. If the court limits any power conferred on the guardian of the property by section 560:5-424 or 560:5-425, the limitation shall be endorsed upon the guardian's letters of guardianship.