LOIDA GOROSPE, Plaintiff–Appellee, v. **MEGUMI MATSUI**, Defendant–Appellant

NO. 15007

(CIV. NO. 90–317)

**BOBBIELYN HANOHANO**, Plaintiff–Appellee, v. **PATRICK DUTRO, JR.**, Defendant–Appellant, and **JOHN DOE 1 THROUGH JOHN DOE 10, ROE CORPORATION AND DOE PARTNERSHIP**, Defendants

NO. 15155

(CIV. NO. 90–2631)

OCTOBER 22, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

## OPINION OF THE COURT BY LUM, C.J.

By way of interlocutory appeal, defendant–appellant Megumi Matsui and defendant–appellant Patrick Dutro appeal orders denying summary judgment in separate negligence actions arising from automobile accidents. The legal issue presented in both cases is identical.[1]

### I.

Both motor vehicle accidents occurred during the minority of the plaintiffs–appellees. Both received no–fault benefits at the time of the accident. Both suits were filed over two years after the accidents and over two years after the last no–fault payments, but within two years of plaintiffs' attainment of majority.

The precise legal question presented in both cases is whether, in a claim for personal injury arising out of a motor vehicle accident, the statute of limitations provided by Hawaii Revised

---

[1] We have consolidated the opinions, because the appeals were argued together and the points raised are identical.

Statutes (HRS) § 294–36(b)[2] is tolled during minority as provided in HRS § 657–13.[3] We conclude that absent a demonstrated legislative intent to diminish the protection it has granted minors by the State's tolling provision, we will not read statutory silence as to minority tolling within the no–fault act as a legislative directive to ignore their legal disability. The tolling provision of HRS § 657–13 serves to toll the no–fault statute of limitations for the period of a victim's infancy. Therefore, we affirm the decision of the lower court denying summary judgments to these defendants–appellants.

## II.

The "primary duty . . . in interpreting statutes is to ascertain and give effect to the intention of the legislature . . . ." *Boulton v.*

---

[2] HRS § 294–36(b) was recodified as HRS § 431:10C–315(b) in 1988 and is nearly identical in relevant part. HRS § 294–36(b) provides:

    (b) No suit arising out of a motor vehicle accident shall be brought in tort more than:

        (1) Two years after the date of the motor vehicle accident upon which the claim is based; or

        (2) Two years after the date of the last payment of no–fault or optional additional benefits; or

        (3) Two years after the date of the last payment of workers' compensation or public assistance benefits arising from the motor vehicle accident; whichever is the last to occur.

[3] HRS § 657–13 provides:

If any person entitled to bring any action specified in this part . . . is, at the time the cause of action accrued, either:

    (1) Within the age of eighteen years; or

    (2) Insane; or

    (3) Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than the person's natural life;

such person shall be at liberty to bring such actions within the respective times limited in this part, after the disability is removed or at any time while the disability exists.

*Boulton*, 69 Haw. 1, 3, 730 P.2d 338, 339 (1986). However, the present issue is governed by two statutes and calls upon us to determine whether the silence in the no–fault act as to minority tolling creates a conflict with the tolling provision of § 657–13. We have been called upon to address this conflict in previous decisions.

In *Crawford v. Crawford*, 69 Haw. 410, 745 P.2d 285 (1987), we decided that "[t]he no–fault statute [did] not create an independent tort cause of action for motor vehicle related injuries, it merely provide[d] an alternative scheme of expedited reparations for certain types of economic loss . . . ." *Id.* at 414, 745 P.2d at 288. *Cf. Whittington v. State*, 72 Haw. 77, 806 P.2d 957 (1991) (refusing to apply the tolling provision of § 657–13 to the State Tort Liability Act which does create a right and remedy to bring suit not otherwise found in common law or statute). Finding that HRS § 294–36 did not present a bar to recovery by its silence, we held that the statute of limitations for the wrongful death statute applied to suits brought for death in auto accident cases, in order to give minors the protection of the State's tolling provision.

In *Zator v. State Farm Mutual Automobile Insurance Co.*, 69 Haw. 594, 752 P.2d 1073 (1988), we held, upon certified question from the Ninth Circuit Court of Appeals, that the tolling provision of § 657–13 applied to an individual who was rendered incompetent in a motor vehicle accident and who had failed to bring a claim for no–fault benefits within the statutory period provided under the no–fault law. We noted,

> [t]he no–fault statute of limitations set forth in HRS § 294–36 bars the bringing of a suit for no–fault benefits more than two years from the date of the motor vehicle accident. However, the statute is silent as to whether it is tolled if the person entitled to bring the suit is rendered insane on account of the accident. The general tolling provision for statutes of limitations set forth in HRS § 657–13 provides for tolling of the statute in cases of

insanity. Therefore, the two statutes obviously create an ambiguity . . . .

[W]e are unable to discern a legislative policy which supports a legislative intent to allow for tolling of general statutes of limitations for those unable, for reasons of insanity, to assert their claims, but to disallow for such tolling under the no–fault statute of limitations. We cannot presume that the legislature intended a discriminatory and illogical policy.

*Id.* at 597, 752 P.2d at 1075. We fail to see any compelling legal distinctions between infancy and insanity. Through the enactment of HRS § 657–13, the legislature has chosen to make each a protected class for purposes of extending the time limitation of their right to bring suit.

We recognize that the No–Fault Act was created in order to "[p]rovide for a speedy, adequate and equitable reparation for those injured or otherwise victimized" in motor vehicle accidents. Hse. Conf. Comm. Rep. No. 13, in 1973 House Journal, at 1219. By our holding today, we seek to balance the sometimes conflicting goals of speed and equity.

The legislature has had several years in which to reflect on our holding in *Zator* and to correct our construction of the statutes in question if it deems us to be in error. Since it has not done so, we will not depart from *Zator. See Honolulu Star Bulletin, Ltd. v. Burns*, 50 Haw. 603, 607, 446 P.2d 171, 173 (1968) ("the legislature has had abundant opportunity to give the statute a differing meaning[;] [i]ts failure to do so amounts to legislative approval of such judicial construction, giving it the effect of legislation"); *In re Pacific Marine & Supply Co.*, 55 Haw. 572, 579–80, 524 P.2d 890, 896 (1974) (when legislature fails to change judicial construction of statute, "it may fairly be concluded that the legislature has tacitly approved this . . . holding as an authoritative and correct explanation of the meaning of the statutory term").

Accordingly, we hold that the two–year limitations period for each of the plaintiffs–appellees' negligence claims began to run upon the children's eighteenth birthdays. Given that the complaints were timely filed, the trial courts were correct in denying defendants–appellants' motions for summary judgment.

Affirmed.

*Harvey E. Henderson, Jr.* (Lee, Henderson & Wong, of counsel) for defendants–appellants Matsui and Dutro.

*James Ireijo*, for plaintiff–appellee Gorospe.

*Michael Formby* (*Joe Moss* and *Michael F. McCarthy* on the brief; Law Offices of Michael F. McCarthy, of counsel) for plaintiff–appellee Hanohano.