105 F.3d 665
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack D. McWHERTER, Plaintiff-Appellant,
v.
CBI SERVICES, INC., a Delaware corporation; Local Union 675
of the United Association of Journeymen and
Apprentices of the Plumbing and
Pipefitting Industry, AFL-CIO,
Defendants-Appellees.
 No. 95-16193.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1996.
Decided Jan. 9, 1997.
 
 1
 Before: REINHARDT and RYMER, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Jack McWherter appeals the district court's grant of summary judgment on his claims against Local 675 of the Pipefitters Union of the AFL-CIO for breach of its duty of fair representation, and against his former employer, CBI Services, Inc., for unfair labor practices and negligence. We affirm, for reasons spelled out in detail by the district court.
 
 
 4
 * McWherter argues that the district court erred in holding that there were no genuine issues of material fact regarding his claim against Local 675 for improper representation because it ignored evidence suggesting that the Union tried to force him to allege that he was loaned to ABB. A labor union breaches its statutory duty of fair representation if it acts in a manner that is discriminatory, in bad faith, or without rational basis. Johnson v. United States Postal Svc., 756 F.2d 1461, 1465 (9th Cir.1985). A union must at least minimally investigate a grievance brought to its attention. Tenorio v. NLRB, 680 F.2d 598, 601 (9th Cir.1982). Generally, however, mere negligence does not breach the union's duty, and the court "will not question" a union's decision not to pursue "a particularly strong argument," provided that the court can "determine [that] the union deliberated the issue in the first place." Peters v. Burlington N. R.R., 931 F.2d 534, 538-40 (9th Cir.1990).
 
 
 5
 Here, the Union followed up promptly on McWherter's request, filing unfair labor practice charges with the NLRB and grievances with CBI. McWherter simply wanted the Union to pursue a different theory, one that Union counsel thought was a loser. When Khim began representing McWherter, the Hawaii DCD had already ruled that CBI in fact had loaned McWherter to ABB. In these circumstances, no triable issue is raised about whether the Union should have further investigated whether McWherter was loaned. Further investigation would not have been useful, as McWherter insisted that he was not loaned and that the Union should contend instead that CBI breached the CBA by claiming he was. Cf. Johnson, 756 F.2d at 1466 (affirming district court finding that further investigation by union would not have been useful). Since the Union counsel's decision was the product of legal judgment, and is not unsupported, it is immaterial that it might have been different with more imagination.
 
 II
 
 6
 McWherter's argument that the district court erred in holding that CBI was entitled to summary judgment on the claim for breach of the Master Agreement since McWherter could not show that Local 675 breached its duty of representation lacks merit since "a cause of action for breach of a collective bargaining agreement may not be maintained if the union provided fair representation." Id. at 1467. He seeks to avoid this result by arguing that CBI failed to show that union grievance procedures provide the exclusive remedy for breach of the Agreement in this case, and that the Agreement does not provide that the Union will be the sole representative. However, grievance and arbitration remedies are presumed to be exclusive except where the parties expressly agree otherwise. Clayton v. ITT Gilfillan, 623 F.2d 563, 567 (9th Cir.1980), aff'd in relevant part and rev'd in part, 451 U.S. 679 (1981). The Master Agreement did not expressly provide for remedies outside the grievance process, nor is there evidence of any extrinsic agreement between CBI and the Union to that effect.
 
 III
 
 7
 McWherter contends that he should have had more time for discovery. However, two and a half years had elapsed before the summary judgment proceedings. "We will only find that the district court abused its discretion if the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." Qualls v. Blue Cross, 22 F.3d 839, 844 (9th Cir.1994). We do not find that here. In any event, McWherter's discovery request was immaterial as it had to do with whether he was loaned or not, proof of which would not suggest that the Union acted in bad faith when it concluded that McWherter's legal theory--that CBI breached the Master Agreement by saying he was loaned when he wasn't--should not be pursued.
 
 IV
 
 8
 McWherter argues that the tort claims against CBI that he sought to add to his complaint in 1994 relate back to his original NLRA claims and should not have been dismissed as time barred. However, the complaint simply alleges the fact of injury causing mercury poisoning. There is otherwise no clue that he was claiming negligence on CBI's part; the theories, the parties, and the time frame are totally different. As the claims McWherter sought to add could not be proved by the " 'same kind of evidence' offered in support of the original pleading," they were properly dismissed. Percy v. San Francisco General Hosp., 841 F.2d 975, 978-79 (9th Cir.1988).
 
 V
 
 9
 McWherter agrees that Haw.Rev.Stat. § 657-7 sets the limitations period, but argues that there is an issue of fact as to whether the statute was tolled by his mental incapacity following his mercury exposure. We disagree, given the power of attorney given to Mrs. McWherter on August 21, 1991. See Zator v. State Farm Mut. Ins. Co., 752 P.2d 1073 (Haw.1988).[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In light of our disposition, we need not reach the district court's alternative holding that CBI was immune from suit for his workplace injuries under Hawaii's workers compensation law, Haw.Rev.Stat. §§ 385-1, 385-3, 386-5