967 P.2d 1059

John T.S. SHIN, Plaintiff–Appellant,

v.

Lisa McLAUGHLIN, Defendant–Appellee, and John and Jane Does 1–10, and Doe Corporations and Other Entities 1–10, Defendants.

No. 21017

Supreme Court of Hawai'i.

Nov. 17, 1998.

William H. Elkner, on the briefs, Honolulu, for plaintiff-appellant.

Carlos D. Perez–Mesa, Jr., on the briefs, Honolulu, for defendant-appellee.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA, and RAMIL, JJ.

KLEIN, Justice.

This appeal arises out of a motor vehicle tort claim by plaintiff-appellant John Y.S. Shin against defendant-appellee Lisa McLaughlin. Shin appeals from the circuit court's April 21, 1997 order granting McLaughlin's motion for summary judgment and denying his motion for summary judgment on the basis that he untimely filed his cause of action against McLaughlin, in violation of Hawai'i Revised Statutes (HRS) § 294–36(b)(1) (1985).[1]

On appeal, Shin contends that the circuit court erred in granting McLaughlin's motion for summary judgment because the general tolling provision in HRS § 657–18 (1985)[2] suspended the no-fault statute of limitations for the period of time that McLaughlin was

1. HRS § 294–36(b)(1) was recodified as HRS § 431:10C–315(a)(1) in 1988. The language of the statutes is identical. However, because HRS § 294–36 was the statute that existed at the time of the accident, all remaining references to the no-fault statute of limitations will be to that version.

HRS § 294–36(b)(1) states in relevant part that "[n]o suit arising out of a motor vehicle accident shall be brought in tort more than ... [t]wo years after the date of the motor vehicle accident upon which the claim is based[.]"

2. HRS § 657–18 states:

If at any time when a cause of action specified in this part or section 663–3 accrues against any person, the person is out of the State, the action may be commenced within the terms respectively limited, after the return of the person into the State, and if, after the cause of action has accrued, the person departs from and resides out of the State, the time of the person's absence shall not be deemed or taken as any part of the time limited for the commencement of the action.

**2**

absent from the state. Because the circuit court properly concluded that Shin's complaint against McLaughlin was untimely, albeit for the wrong reason, we affirm the circuit court's order.

## I. *BACKGROUND*

On December 17, 1989, Shin and McLaughlin were involved in an automobile collision. On October 6, 1992, Shin filed a personal injury suit against McLaughlin to recover damages for injuries he sustained in the accident. Thereafter, Shin had difficulty serving process on McLaughlin because she no longer resided in Hawai'i. On September 21, 1993, the circuit court issued a final order of dismissal, pursuant to the Rules of the Circuit Courts of the State of Hawai'i (RCCH) Rule 28.[3]

On August 23, 1995, Shin, by and through new counsel, submitted an ex parte motion for reconsideration and to set aside the court's dismissal. Shin claimed that McLaughlin left Hawai'i in May 1990, that his prior counsel lost track of McLaughlin's whereabouts, that McLaughlin was now residing in Europe, that McLaughlin's insurance company had been put on notice of the claims as early as January 10, 1990, and that negotiations with the insurance company were at a standstill. Finally, given the fact that McLaughlin resided outside the United States, Shin requested a six-month extension to effect service against McLaughlin. The court set aside the dismissal, giving Shin until February 23, 1996 to serve process on McLaughlin.

McLaughlin was served on October 6, 1995. She filed her answer to Shin's complaint on February 5, 1996. McLaughlin then moved to amend her answer to plead the statute of limitations defense. The court granted McLaughlin's motion to amend, and she amended her answer accordingly.

On February 5, 1997, McLaughlin moved for summary judgment and argued that Shin's complaint should be dismissed for failure to file his claim within the two-year statute of limitations set forth in HRS § 294–36(b)(1). Shin opposed the motion and filed a counter motion for summary judgment, asserting that his cause of action was not time barred because HRS § 657–18 tolled the no-fault statute of limitations for the period of time that McLaughlin resided outside of the state following the accident. He also claimed that this court's decision in *Gorospe v. Matsui*, 72 Haw. 377, 819 P.2d 80 (1991), extended the general tolling provisions of HRS Chapter 657 to suits arising out of automobile accidents. A hearing on both motions was held on March 19, 1997.

At the hearing on the motion, the circuit court orally ruled:

> [I]n this case[,] the defendant is entitled to summary judgment as a matter of law, based on [Shin's] failure to comply with the applicable statute of limitation which is set out in [HRS] Section [294–36(b)(1)]. The date of the accident was December 17, 1989. The complaint herein was filed on October 6, 1992.
>
> The Court does not believe that [HRS] Section 657–18 is applicable to allow for a tolling of the statute in this case.
>
> The Court does not find that the *Gorospe* case is as broad and applicable as the plaintiff asserts in this case. It is a narrowly crafted opinion specifically limited to Section 657–13 and those protected classes of persons being infants and insane.
>
> On that basis this motion of the defendant for summary judgment is granted.
>
> Plaintiff's counter-motion for summary judgment is denied.

The court filed its final order on September 3, 1997. Thereafter, Shin filed this timely notice of appeal.

## II. *STANDARD OF REVIEW*

We apply the following standard of review to summary judgment orders:

> We review a circuit court's award of summary judgment *de novo* under the same standard applied by the circuit court. *Am-*

---

3. RCCH Rule 28 states that, "[a] diligent effort to effect service shall be made in all actions, and if no service be made within 6 months after an action has been filed then after notice of not less than 5 days the same may be dismissed."

*fac, Inc. v. Waikiki Beachcomber Inv. Co.,* 74 Haw. 85, 104, 839 P.2d 10, 22, *reconsideration denied,* 74 Haw. 650, 843 P.2d 144 (1992) (citation omitted). As we have often articulated:

> [s]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Id.* (citations and internal quotations omitted); *see* Hawai'i Rules of Civil Procedure (HRCP) Rule 56(c) (1990). "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Hulsman v. Hemmeter Dev. Corp.,* 65 Haw. 58, 61, 647 P.2d 713, 716, (1982) (citations omitted).

*Estate of Doe v. Paul Revere Ins. Group,* 86 Hawai'i 262, 269–70, 948 P.2d 1103, 1110–11 (1997) (quoting *Morinoue v. Roy,* 86 Hawai'i 76, 80, 947 P.2d 944, 948 (1997)) (brackets omitted). We have also held that when making a summary judgment determination, "we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion." *Morinoue,* 86 Hawai'i at 80, 947 P.2d at 948 (quoting *Maguire v. Hilton Hotels Corp.,* 79

Hawai'i 110, 112, 899 P.2d 393, 395 (1995)) (brackets omitted).

## III. DISCUSSION

The sole issue presented is whether the two-year nofault statute of limitations is tolled by operation of HRS § 657–18.

Shin argues in the affirmative inasmuch as the no-fault law is silent on the issue of tolling for absentee defendants. He cites as support for his contention our decisions in *Zator v. State Farm Mutual Automobile Ins. Co.,* 69 Haw. 594, 752 P.2d 1073 (1988), and *Gorospe v. Matsui,* 72 Haw. 377, 819 P.2d 80 (1991). McLaughlin, on the other hand, claims that "[t]here is no Hawai'i case law or statutory authority which applies the tolling provisions in HRS § 657–18 to motor vehicle torts." Hence, McLaughlin contends that no genuine issue of material fact exists as to whether Shin filed his complaint within the limitations period.

Assuming, without deciding, that HRS § 657–18 applies to all claims arising out of motor vehicle accidents, we hold that HRS § 657–18 does not apply to toll the no-fault statute of limitations where a nonresident motorist defendant is subject to the jurisdiction of our courts and amenable to service of process under our long-arm statutes as set forth in HRS §§ 634–33 (1985) [4] and 634–36 (1985).[5]

---

4. HRS § 634–33 states:

The use and operation by any person, whether a resident or a nonresident of the State, of any motor vehicle upon a public highway in this State shall subject the person to the jurisdiction of the courts of this State in any action or proceeding against the person growing out of any accident or collision in which the person and the motor vehicle so used and operated may be involved. The use and operation of the motor vehicle is deemed a signification of the person's agreement that any summons against the person which is served is of the same legal force and validity as if served upon the person personally within this State, whether the person is a nonresident of this State or at the time a cause of action arises is a resident of this State but subsequently becomes a nonresident of this State. Service of such summons is to be made as provided by section 634–36, if the defendant cannot be found in the State.

This section shall not be construed as repealing or amending any other provision of law

relating to the service of process nor as establishing an exclusive method of service of process in cases to which this section may apply.

5. HRS § 634–36 states:

**Manner of service under sections 634–33 to 35.** When service of summons is provided for by section 634–33, 634–34, or 634–35, service shall be made by service upon the defendant personally by any person authorized to serve process in the place in which the person may be found or appointed by the court for the purpose, or sent by certified or registered mail, postage prepaid, with return receipt requested, by the plaintiff or the plaintiff's attorney to the defendant. The plaintiff or the plaintiff's attorney shall file the return of the serving officer or an affidavit showing that the copy of the summons and complaint were served as aforesaid or sent by certified or registered mail as aforesaid, and in the latter case the return receipt signed by the defendant shall be filed with the affidavit. The service shall be deemed com-

**4**

### A. The Purposes and Intent Of HRS § 657–18.

HRS § 657–18 reads as follows:

If at any time when a cause of action specified in this part or section 663–3 accrues against any person, the person is out of the State, the action may be commenced within the terms respectively limited, after the return of the person into the State, and if, after the cause of action has accrued, the person departs from and resides out of the State, the time of the person's absence shall not be deemed or taken as any part of the time limited for the commencement of the action.

In interpreting a statute such as HRS § 657–18, "our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." *Korean Buddhist Dae Won Sa Temple of Hawai'i v. Sullivan,* 87 Hawai'i 217, 229–30, 953 P.2d 1315, 1327–28 (1998) (quoting *Gray v. Administrative Dir. of the Court,* 84 Hawai'i 138, 148, 931 P.2d 580, 590 (1997)).

"It is a cardinal rule of statutory interpretation that, where the terms of a statute are plain, unambiguous, and explicit, we are not at liberty to look beyond that language for a different meaning. Instead, our sole duty is to give effect to the statute's plain and obvious meaning." *Ross v. Stouffer Hotel Co. (Hawai'i) Ltd.,* 76 Hawai'i 454, 461, 879 P.2d 1037, 1044–45 (1994) (citations omitted). Moreover "[i]n interpreting a statute, we give the operative words their common meaning, unless there is something in the statute requiring a different interpretation." *Id.*

*State v. Scott,* 87 Hawai'i 80, 84, 951 P.2d 1243, 1247 (1998) (brackets in original).

In this case, the plain language of HRS § 657–18 indicates that where a defendant departs from the state after a cause of action accrues, the time period during which he or she was "out of the State" would not be considered as part of the limitation period. Shin's opening brief implies that because McLaughlin left Hawai'i shortly after the accident, she was physically "out of the state" within the meaning of HRS § 657–18. Shin's contention is consistent with the common meaning of the terms "out of the state" or "absent," the latter meaning "removed or away from one's domicile, or usual place of residence. Not present at a particular time." *Black's Law Dictionary* 8 (6th ed.1990) (defining the word "absence").

However, as a principal tenet of statutory construction, "[w]e read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose." *Mendes v. Hawai'i Ins. Guar. Ass'n,* 87 Hawai'i 14, 17, 950 P.2d 1214, 1217 (1998) (internal citation and quotation marks omitted). Furthermore, this court may also consider "[t]he reason and spirit of the law, and the cause which induced the legislature to enact it ... to discover its true meaning." HRS § 1–15(2) (1993). "Departure from the literal construction of a statute is justified only if such a construction yields an absurd and unjust result obviously inconsistent with the purposes and policies of the statute." *Alvarez v. Liberty House, Inc.,* 85 Hawai'i 275, 278, 942 P.2d 539, 542 (1997).

With regard to HRS § 657–18, there is no Hawai'i case law or legislative history that helps us to "discover [the statute's] true meaning." Despite this lack of legislative intent, tolling statutes for out-of-state defendants are not unique to Hawai'i. We therefore look to other jurisdictions with analogous tolling statutes for guidance as to the "reason and spirit of the law."

In *Meyer v. Paschal,* 330 S.C. 175, 498 S.E.2d 635 (S.C.1998), the South Carolina

---

plete upon delivery of the required papers to the defendant outside the State, personally or by mail as provided.

If the defendant cannot be found to serve or mail the summons and the facts shall appear by affidavit or otherwise to the satisfaction of the court, it may order that service be made by publication of summons in at least one newspaper published in the State and having a general circulation in the circuit in which the action has been instituted, in such a manner and for such time as the court may order, but not less than once each week in four successive weeks, the last publication to be not less than twenty-one days prior to the return date stated therein unless a different time is prescribed by the court.

Supreme Court construed a similar tolling statute, which reads as follows:

> If when a cause of action shall accrue against any person he shall be out of the State, such action may be commenced within the terms of this chapter respectively limited after the return of such person into this State. And if, after such cause of action shall have accrued, such person shall depart from and reside outside of this State or remain continuously absent therefrom for the space of one year or more, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action.

*Id.* at 178, 498 S.E.2d at 636–37 (quoting S.C.Code Ann. § 15-3-30 (Law.Co-op.1976)).

The *Meyer* court explained that "South Carolina enacted this tolling provision in 1870 in order to protect its residents from defendants who were not amenable to personal service of process because the defendants were out of the State." *Id.* at 178–79, 498 S.E.2d at 637 (footnote omitted). The court further stated that "[b]ecause the tolling statute was enacted during a period of history when the ability to obtain personal jurisdiction over an out-of-state defendant was severely limited by the due process clause, this statute served the important purpose of preventing the statute of limitations from expiring on valid claims when the defendant was out-of-state and personal jurisdiction was not possible." *Id. See also Byrne v. Ogle,* 488 P.2d 716, 717–18 (Alaska 1971) ("The tolling statute preserves the plaintiff's cause of action until service has been made available and practical, by the defendant's presence in the state, for a time equal to the total period of limitation."); *Selby v. Karman,* 110 Ariz. 522, 521 P.2d 609 (Ariz.1974) (stating that the clear purpose of the absentee tolling statutes is "to prevent a defendant from defeating plaintiff's claim by absenting himself from the state"); *Lipe v. Javelin Tire Co. Inc.,* 96 Idaho 723, 536 P.2d 291, 294 (Idaho 1975) (believing the purpose of the tolling statute is "to prevent the running of

the statute of limitations during the time that a defendant was unavailable for service of process because he was absent from the state").

■ Consistent with these purposes, other courts have interpreted the term "absent" or "out of the state" to mean "a defendant who is beyond personal jurisdiction and process of the court and not simply a defendant who is physically absent from the state." *Meyer,* 498 S.E.2d at 639; *Byrne,* 488 P.2d at 718 (construing a similar statute as "not mere personal absence of the defendant, but such unavailability as will defeat the power of a plaintiff to effectuate commencement of his action"); *Phillips v. Anchor Hocking Glass Corp.,* 100 Ariz. 251, 413 P.2d 732 (Ariz.1966) ("without the state" or "absent" means that defendant cannot be served with process), *overruled on other grounds by Northern Propane Gas Co. v. Kipps,* 127 Ariz. 522, 622 P.2d 469 (Ariz.1981); *Peters v. Tuell Dairy Co.,* 250 Ala. 600, 35 So.2d 344 (Ala.1948) (absence from the state means that the state does not have jurisdiction over the person).

Inasmuch as the purposes and intent of the tolling statute for out-of-state defendants in other jurisdictions are uniform and constant, we adopt the majority's view. We also recognize that some courts have taken the contrary position,[6] but, with due deference to them, it is our opinion that the sounder and more logical interpretation is that followed by the majority.

B. *Because Service of Process on a Nonresident May be Effectuated Via Long–Arm Statutes, HRS § 657–18 Does Not Apply To Toll The No–Fault Statute Of Limitations.*

In order to give the tolling provision in HRS § 657–18 its true meaning as it relates to the court's personal jurisdiction over a nonresident defendant, the provision must be construed in conjunction with our long-arm

---

6. *See, e.g., Anthes v. Anthes,* 21 Idaho 305, 121 P. 553 (Idaho 1912) (adopting the rule that such tolling provision for out-of-state defendants applies despite a defendant's amenability to personal service of process or process by publication);

*Vaughn v. Deitz,* 430 S.W.2d 487 (Tex.1968) (applying the tolling provision notwithstanding the fact that substituted service could have been effectuated).

statutes prescribed in HRS §§ 634–33 and 634–36.

The legislature first enacted HRS §§ 634–33 and 634–36 in 1953 to facilitate the service of process upon nonresidents and residents who operate motor vehicles within the state and subject them to the jurisdiction of our courts. *See* Hse. Stand. Comm. Rep. No. 165, in 1953 House Journal, at 567. When read together, the statutes provide for service upon a resident or nonresident motorist by way of personal service, mail (with return receipt requested), or publication. *See* HRS § 634–36, *supra* note 5. The statutes, thus, designate a means of effectuating service of process upon motorists who are impossible or difficult to locate. Nothing in the legislative history discusses the effect of the long-arm statutes on HRS § 657–18. However, because nonresident motorists are amenable to service of process pursuant to HRS §§ 634–33 and 634–36, they are not "out of the state" in the sense contemplated by the HRS § 657–18. This being the case, we hold that the statute of limitations is not tolled when a defendant is "out of the state," as long as he is still amenable to service of process in the state. This interpretation is also consistent with courts in other jurisdictions construing similar statutes. *See Carter v. Kretschmer*, 2 Kan.App.2d 271, 577 P.2d 1211 (Kan.Ct.App. 1978); *Benally v. Pigman*, 78 N.M. 189, 429 P.2d 648 (N.M.1967); *Jarchow v. Eder*, 433 P.2d 942 (Okla.1967); *McCullough v. Boyd*, 475 P.2d 610 (Okla.1970); *see also* Kenneth J. Rampino, *Tolling of Statute of Limitations During Absence From State as Affected by Fact That Party claiming Benefit of Limitations Remained Subject to Service During Absence or Nonresidence*, 55 A.L.R.3d 1158, 1163–64 (1974).

The reasoning of the majority of jurisdictions is exemplified by the Alaska Supreme Court's decision in *Byrne v. Ogle, supra*, 488 P.2d at 716. In that case, the court interpreted its state's tolling provision against a claim that the statute did not apply where the defendant was subject to substituted process under Alaska's nonresident motorist statutes.[7] In holding that the statute had run, the court considered the policy of the rule:

> It is generally recognized that the purpose of the statutes of limitations is to encourage promptness in the prosecution of actions and thus avoid the injustice which may result from the prosecution of stale claims. Statutes of limitations attempt to protect against the difficulties caused by lost evidence, faded memories and disappearing witnesses. In the attainment of those ends, substantial aid is provided by statutes establishing substituted service. By this means the equivalent of personal service is made obtainable on absent defendants.

*Id.* at 718 (footnote omitted). The court declined to apply the tolling provision where the "defendant [was] at all times amenable to service." *Id.* The court further explained:

> If a plaintiff can delay his action for a short period beyond two years, he could also wait twenty years or any other lengthy period of time. . . . Such a result is in intolerable conflict with the general purposes of the statute of limitations and the substituted service procedure. The goal of those statutes is to provide speedy adjudication of claims. We cannot, absent clear evidence, attribute to the legislature an intent to subvert that goal in the face of

7. Alaska Stat. § 09.05.02(a) (Michie 1968) states:
The operation of a motor vehicle by a nonresident (or owned by a nonresident and operated by his express or implied consent) on a public highway in the state is considered equivalent to an appointment of the commissioner of revenue by the nonresident as his attorney. The summons may be served on the commissioner in an action against the nonresident growing out of the accident or collision in which the vehicle is involved while being so operated. This operation is considered a signification of the nonresident's agreement that a summons against him which is so served has the same legal force as if served on him personally in the state.
Alaska Stat. § 09.05.040 (Michie 1963) states:
A resident who has operated a motor vehicle, or has owned a motor vehicle operated with his express or implied consent which has been involved in an accident or collision on a public highway, and who has moved to another state after the accident or collision shall be treated as a nonresident for service of process provided under §§ 20–30 of this chapter.

the readily available and more reasonable interpretation we have adopted.

We agree. To construe HRS § 657–18 in such a manner would allow suits to be postponed indefinitely. As stated by the Wyoming Supreme Court,

> defendants could not know with any certainty when they were safe from the threat of litigation. Plaintiffs could wait for the propitious moment when witnesses and evidence became unavailable and thereby effectively deprive the defendant. of their defense. The theory urged by the plaintiff-appellant could result in conduct tantamount to fraud, all to the destruction of the concept of expeditious litigation which is so important to our system of laws in these times. To sustain the appellant's contention would be contrary to the purpose of the tolling statute which is to protect the cause of action of the plaintiff where the absence of the defendant has made it impossible for him to enforce it.

*Tarter v. Insco,* 550 P.2d 905, 911 (Wyo. 1976). Our legislature could not have intended such an absurd and illogical result. *See Keliipuleole v. Wilson,* 85 Hawai'i 217, 221–22, 941 P.2d 300, 304–05 (1997) ("[T]he legislature is presumed not to intend an absurd result, and the legislation will be construed to avoid, if possible, inconsistency, contradiction[,] and illogicality.") (Citation and internal quotation marks omitted).

Therefore, we hold that the tolling statute in HRS § 657–18 is inapplicable when a nonresident defendant is amenable to personal or substituted service of process as provided by HRS § 634–36 and the defendant can be brought within the personal jurisdiction of our courts.

In the instant case, the record is clear that McLaughlin was a resident of Hawai'i before the accrual of the cause of action and left the state shortly thereafter. It is obvious that under the long-arm statutes suit could have been commenced and service effected at any time within the two-year limitation period. The methods of service set forth in HRS § 634–36 were available to Shin at all times during the two-year no-fault period of limitation. Shin could have served McLaughlin in person, by mail, or failing that, by publication. *See* HRS § 634–36. At no time was it necessary for Shin to rely on HRS § 657–18 to toll the statute while seeking to serve McLaughlin. Hence, we perceive no reason why Shin could not have filed the complaint within the two-year limitations period and effectuated service of process on McLaughlin by any of the applicable methods provided by HRS § 634–36. We note, however, that the parties did not argue the effect of the long-arm statutes in their motions for summary judgment. Nor did the circuit court base its decision on the impact of the long-arm statutes on HRS § 657–18. The circuit court simply ruled that HRS § 657–18 was not applicable to toll the no-fault statute of limitations. Despite the fact that McLaughlin failed to make the correct argument, the circuit court ultimately reached the proper result. Accordingly, we agree with the circuit court's ruling that HRS § 657–18 was inapplicable as a means of tolling the no-fault statute of limitations, albeit for a different reason.

## IV. CONCLUSION

Based on the foregoing reasons, we affirm the circuit court's order granting McLaughlin's motion for summary judgment and denying Shin's counter motion for summary judgment on the basis that HRS § 657–18 does not apply to toll the two-year no-fault statute of limitations because McLaughlin was at all times subject to the jurisdiction of the circuit court and amenable to service of process pursuant to the long-arm statutes set out in HRS §§ 634–33 and 634–36.