54 P.3d 452

Christine BAUERNFIEND,
Plaintiff–Appellant,

v.

AOAO KIHEI BEACH CONDOMINIUMS,
a Hawai'i corporation, Thyssen Elevator Company, a Delaware corporation, Defendants/Cross–Claimants/Cross–Claim Defendants–Appellees,

and

John Does 1–5; Jane Does 1–5; Doe Corporations 1–5; Doe Partnerships 1–5; Doe Governmental Entities 1–5, Defendants.

No. 24239.

Supreme Court of Hawai'i.

Oct. 1, 2002.

Andrew Von Sonn, for plaintiff-appellant.

Jonathan L. Ortiz, Honolulu, (Wade J. Katano and Allison M. Fujita, Honolulu, with him, on the brief), for defendant-appellee AOAO Kihei Beach Condominiums.

Darlene Y.F. Itomura (Leighton K. Oshima, Honolulu, with her on the brief), of Wong & Oshima, for defendant-appellee Thyssen Elevator Company.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, and ACOBA, JJ.

Opinion of the Court by MOON, C.J.

Plaintiff-appellant Christine Bauernfiend appeals from the April 6, 2001 entry of final judgment in favor of defendants-appellees AOAO Kihei Beach Condominiums (the

AOAO) and Thyssen Elevator Company (Thyssen Elevator) [hereinafter, collectively, Defendants], pursuant to the March 27, 2001 order granting the AOAO's motion for summary judgment, in which Thyssen Elevator joined.[1] The sole issue on appeal is whether Bauernfiend timely filed her complaint in the present case. For the reasons discussed below, we hold that the complaint was timely filed. We, therefore, vacate the April 6, 2001 judgment entered in favor of the Defendants and remand this case for further proceedings.

## I. BACKGROUND

In a complaint, filed on May 23, 2000, Bauernfiend alleged that, on May 23, 1998, she "suffered physical injuries and severe emotional distress, fright, anguish, shock, nervousness and stress" as the result of an "out-of-control ride" in the elevator of the condominium building where she resided. The complaint identified the AOAO, the alleged owner of the Kihei Beach Condominiums,[2] and Thyssen Elevator as defendants.

On February 2, 2001, the AOAO filed a motion for summary judgment, asserting that the applicable statute of limitations had run, thus precluding Bauernfiend's claim for relief.[3] In support of its motion, the AOAO noted that Hawai'i Revised Statutes (HRS) § 657-7 (1993) provides that "[a]ctions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after[.]" The AOAO maintained that Bauernfiend's cause of action accrued on May 23, 1998, the date of her injury. Relying on a footnote in Hoke v. Paul, 65 Haw. 478, 653 P.2d 1155 (1982), the AOAO urged the circuit court to hold that

Bauernfiend's cause of action was untimely inasmuch as it was filed exactly two years after her injury, instead of "within two years after," as required by HRS § 657-7.

Interpreting a statute of limitations nearly identical to HRS § 657-7,[4] the court in Hoke was called upon to determine the point in time in which the plaintiff's cause of action for defamation had accrued and the timeliness of the filing of the complaint. Id. at 482-83, 653 P.2d at 1159. We held "that a claim for defamation accrues when the defamee discovers or reasonably should have discovered the publication of the defamation." Id. at 483, 653 P.2d at 1159. In the footnote to which the AOAO points, this court noted that, "[i]f January 23, 1976 is the determinative date [that the plaintiff learned of the defamatory publication,] ... the complaint was timely filed since the last day of the two-year period, January 22, 1978, was a Sunday and the complaint was filed the next day." Id. at 483 n. 2, 653 P.2d at 1159 n. 2.

Relying on the dictum of the aforementioned footnote, the AOAO argued that Bauernfiend was required to file her complaint, at the latest, on May 22, 2000. Inasmuch as May 22, 2000 was a Tuesday, the AOAO contended that there was no justification for the late filing and requested that the court dismiss Bauernfiend's claims with prejudice.

In opposition to the motion for summary judgment, Bauernfiend did not dispute that her cause of action accrued on May 23, 1998—the date she was allegedly trapped and injured in the elevator. However, she urged the circuit court to find that her complaint was timely filed pursuant to either HRS § 1-29 (1993)[5] or Hawai'i Rules of Civil

---

1. The order granting summary judgment and the final judgment were entered by the Honorable Joseph E. Cardoza, judge of the Circuit Court of the Second Circuit; State of Hawai'i.

2. In its answer to the complaint, filed on August 16, 2000, the AOAO denied ownership, asserting that the building "is owned collectively by the owners of each unit."

3. Thyssen Elevator joined in the AOAO's motion on February 7, 2001.

4. Defamation actions are governed by HRS § 657-4 (1993), which provides that "[a]ll ac-

tions for libel or slander shall be commenced within two years after the cause of action accrued, and not after."

5. HRS § 1-29, a law of general applicability, provides:

Computation of Time. The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a Sunday or holiday and then it is also excluded. When so provided by the rules of court, the last day also shall be excluded if it is a Saturday.

Procedure (HRCP) Rule 6(a) (1997).[6]

In response to Bauernfiend's opposition, in which Thyssen Elevator joined, the AOAO reaffirmed its contention that the opinion in *Hoke* "clearly states the method for computing statutory periods in Hawai'i" and that Bauernfiend's complaint was untimely inasmuch as it was not filed "within" the two-year period set forth in HRS § 657–7, but one day after the limitations period had expired. The AOAO maintained that the method of computing statutory time periods in *Hoke* was supported by federal case law. Analogizing the Federal Rules of Civil Procedure to the HRCP, the AOAO quoted the following passage in support of its contention that HRCP Rule 6(a) was irrelevant to the question whether the statute of limitations had expired:

> The Federal Rules of Civil Procedure ... shall not be construed to extend or limit the jurisdiction of the United States district courts.... Their design is, rather, to govern procedural matters once an action is properly before the court.... Accordingly, we must find jurisdiction ..., if at all, in the statute itself and not by reference to [FRCP] Rule 6(a).

*Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118, 1119 (6th Cir.1980) (internal quotation marks and citations omitted).

On March 14, 2001, a hearing on the joint motion for summary judgment was held. On March 27, 2001, the circuit court granted the motion for summary judgment in favor of Defendants. Final judgment was entered on April 6, 2001, and this timely appeal followed.[7]

## II. STANDARD OF REVIEW

■ A trial court's grant of summary judgment is reviewed *de novo* under the same standard applied by the trial court. *Shin v. McLaughlin*, 89 Hawai'i 1, 2–3, 967

P.2d 1059, 1060–61 (1998) (citations omitted). As we have often articulated,

> [s]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Id.* at 3, 967 P.2d at 1061 (quoting *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 104, 839 P.2d 10, 22 (1992)) (brackets in original).

## III. DISCUSSION

■ The sole issue in this appeal is whether Bauernfiend's complaint, filed on the second anniversary of her alleged injury, was timely. As correctly noted by the AOAO, the relevant statute of limitations requires that a cause of action for personal injury be "instituted *within two years after* the cause of action accrue[s], and not after[.]" HRS § 657–7 (emphasis added). Although the statute clearly fixes a two-year limitations period, the contemporaneous use of two prepositions—"within" and "after"—as they relate to the term "two-years" is problematic. Defendants justify their claim that Bauernfiend's complaint was untimely by focusing attention on the preposition "within." Bauernfiend, on the other hand, urges us to focus on the preposition "after."

■ It is well-settled that this court is required to construe laws upon the same subject matter with reference to each other. Moreover, the legislature has acknowledged that "what is clear in one statute may be called in aid to explain what is doubtful in another." HRS § 1–16 (1993). Thus, with respect to the issue presented by this case, we look to HRS § 1–29, which specifically addresses the computation of time for any acts provided by law, for guidance. As pre-

---

(Bold emphasis in original.) (Underscored emphasis added.)

6. HRCP Rule 6(a) provided in relevant part:

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, *the day of the act, event, or default after which the designated period of time begins to run shall not be included. The*

*last day of the period so computed shall be included unless it is a Saturday, a Sunday or a holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a holiday.*
(Emphasis added.)

7. Oral argument in this case was heard on September 4, 2002.

viously indicated, HRS § 1–29 mandates that time be computed by "excluding the first day and including the last[.]" Thus, reading HRS § 657–7 *in pari materia* with HRS § 1–29, the computation of time under the prescribed two-year statute of limitations would exclude the first day on which the cause of action accrues and include the last day, two years thereafter. In the present case, Bauernfiend's cause of action accrued on May 23, 1998, which is the "first day" and thus excluded. Two years later—May 23, 2000—is the "last day" and thus included. Consequently, Bauernfiend's complaint, filed on the second anniversary of her alleged injury, *i.e.*, May 23, 2000, was "within two years after the cause of action accrued," HRS § 657–7, and, therefore, timely.

To the extent that the footnote in *Hoke*, discussed *supra*, indicates a contrary method of computing time, we overrule it. Finally, given our disposition of this case, we need not address the applicability of HRCP Rule 6(a).

## IV. *CONCLUSION*

Based on the foregoing, we hold that the circuit court erred in granting summary judgment in favor of Defendants. Accordingly, we vacate the April 6, 2001 final judgment and remand the case for further proceedings.