**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000880
31-JAN-2023
11:13 AM
Dkt. 84 MO**

NO. CAAP-17-0000880


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ERIC Y. SHIBUYA, Plaintiff-Appellant
v.
COUNTY OF KAUAI; KAUAI POLICE DEPARTMENT;
DARRYL D. PERRY; MARK N. BEGLEY,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10;
DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 13-1-0345)


MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

Plaintiff-Appellant Eric Y. Shibuya (**Shibuya**), a retired Commander of the Kauai Police Department (**KPD**), appeals from the Final Judgment entered on December 20, 2017, by the Circuit Court of the Fifth Circuit (**Circuit Court**).[1]  As part of the appeal, Shibuya challenges the following orders by the Circuit Court in favor of Defendants-Appellees County of Kauai (**County**), KPD, Darryl D. Perry (**Chief Perry**), and Mark N. Begley (**Deputy Chief Begley**), (collectively, **Appellees**):

(1) the "Order Granting Defendant Mark N. Begley's, in his Individual Capacity, Motion to Dismiss Verified Complaint" entered on June 10, 2014;

---

[1]  The Honorable Randal G.B. Valenciano presided.

(2) the "Order Granting Defendant Darryl D. Perry's, in his Individual Capacity, Motion to Dismiss Verified Complaint" entered on June 10, 2014; and

(3) the "Order Granting Defendants County of Kauai and Kauai Police Department's Motion for Summary Judgment" (**Order Granting MSJ**) entered on November 14, 2017.

Shibuya contends that the Circuit Court erred in: (1) dismissing his claims against Chief Perry and Deputy Chief Begley in their individual capacities; (2) determining the exceptions to the exclusivity provision of the Hawaiʻi Workers' Compensation Law do not apply to Shibuya's claims against the County and KPD and the claims are therefore barred by Hawaii Revised Statutes (**HRS**) § 386-5; and (3) determining Shibuya was required to initially pursue his claims as a hybrid action before the Hawaiʻi Labor Relations Board (**HLRB**).

For the reasons set forth below, we affirm.

## I.  Background

### A.  Claims Asserted

On November 29, 2013, Shibuya filed a Verified Complaint (**Complaint**) against the County, KPD, Chief Perry, in his official and individual capacities, and Deputy Chief Begley, in his official and individual capacities, alleging: (1) negligence, (2) civil conspiracy, (3) constructive discharge, (4) defamation, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) abuse of process, (8) malicious prosecution, (9) invasion of privacy, and (10) negligent supervision.

### B.  Allegations in the Complaint

Shibuya's Complaint alleges, among other things, that during his appointment as the Commander of the Vice Unit in KPD, the Vice Unit conducted a raid on a chicken fight in Keapana on or about March 15, 2009 (**2009 Keapana Raid**).  During the course of the investigation related to this raid, Shibuya assisted in the identification of two suspects, whom Shibuya had played golf with in the past.

Shibuya alleged that after Chief Perry and Deputy Chief Begley learned of the 2009 Keapana Raid and Shibuya's involvement in the investigation, Chief Perry and Deputy Chief Begley,

> began making false statements about [Shibuya] to other police officers at KPD that: A. Suspect 1 and Suspect 2 were members of organized crime . . . on Kauai; B. [Shibuya] had divulged the name of a cooperating witness in the investigation of the Keapana Chicken Fight Raid to Suspect 1 and Suspect 2; and C. [Shibuya] had inappropriate ties to members of [organized crime].

Shibuya also alleged that based on their false statements, Chief Perry and deputy Chief Begley initiated disciplinary transfer proceedings and Shibuya was involuntarily transferred to the Kauai Patrol Services Bureau.  Shibuya further alleged that Appellees initiated an "Administrative Investigation" in retaliation against him for filing a grievance against KPD through the State of Hawaii Organization of Police Officers (**SHOPO**).

On or about March 1, 2010, while Shibuya's SHOPO grievance and the Administrative Investigation against him were still pending, Shibuya was reassigned from the KPD Patrol Services Bureau back to his position as Commander of the Vice Unit.  On April 21, 2011, SHOPO closed Shibuya's grievance against KPD because Shibuya's reassignment back to his original position "negated the grievance."  On December 30, 2011, the internal Administrative Review Board found the charges against Shibuya in the Administrative Investigation meritless and dismissed the charges against him.  However, Shibuya alleged that because of Appellees' conduct, and "the intolerable working conditions which continued to exist, Plaintiff retired involuntarily from KPD on February 29, 2012, and did so substantially earlier than he otherwise would have, but for said conduct."

## II.  Standards of Review

### A.   Motion to Dismiss

> A trial court's ruling on a motion to dismiss is reviewed *de novo*. The court must accept plaintiff's allegations as true and view them in the light most favorable to the plaintiff; dismissal is proper only if it appears beyond doubt that the

3

> plaintiff can prove no set of facts in support of his or her
> claim that would entitle him or her to relief.

Nakamoto v. Kawauchi, 142 Hawaiʻi 259, 268, 418 P.3d 600, 609
(2018) (citation omitted). "However, in weighing the allegations
of the complaint as against a motion to dismiss, the court is not
required to accept conclusory allegations on the legal effect of
the events alleged." Kealoha v. Machado, 131 Hawaiʻi 62, 74, 315
P.3d 213, 225 (2013) (citations omitted).

### B. Summary Judgment

"On appeal, the grant or denial of summary judgment is
reviewed _de novo_." Ralston v. Yim, 129 Hawaiʻi 46, 55, 292 P.3d
1276, 1285 (2013) (citation omitted).

> Summary judgment is appropriate if the pleadings,
> depositions, answers to interrogatories and admissions on
> file, together with the affidavits, if any, show that there
> is no genuine issue as to any material fact and that the
> moving party is entitled to judgment as a matter of law. A
> fact is material if proof of that fact would have the effect
> of establishing or refuting one of the essential elements of
> a cause of action or defense asserted by the parties. The
> evidence must be viewed in the light most favorable to the
> non-moving party. In other words, we must view all of the
> evidence and inferences drawn therefrom in the light most
> favorable to the party opposing the motion.

Id. at 55-56, 292 P.3d at 1285-86 (brackets and citation
omitted).

### III. Discussion

### A. Claims Against Chief Perry and Deputy Chief Begley in Their Individual Capacity

Shibuya argues that the Circuit Court erred in
dismissing the claims against Chief Perry and Deputy Chief Begley
in their individual capacities because the Complaint sufficiently
alleged that they were motivated by malice, and not by an
otherwise proper purpose.

In granting their respective motions to dismiss the
claims against Chief Perry and Deputy Chief Begley in their
individual capacities, the Circuit Court concluded that the
allegations in the Complaint pertain to matters within Chief
Perry and Deputy Chief Begley's scope of employment with the
County and KPD. The Circuit Court also determined that Shibuya

4

failed to state a claim against Chief Perry and Deputy Chief Begley in their individual capacities.  In other words, the Circuit Court concluded that Shibuya's claims against Chief Perry and Deputy Chief Begley were related to liability in their <u>official </u>capacities and that Shibuya failed to state claims in their <u>individual</u> capacities.

On appeal, Shibuya does not argue Chief Perry and Deputy Chief Begley acted in their individual capacities. Instead, Shibuya argues that he alleges Chief Perry and Deputy Chief Begley acted with malice, which Shibuya contends is sufficient to allow suit against them in their individual capacities.  In support of his argument, Shibuya cites <u>Medeiros v. Kondo</u>, 55 Haw. 499, 522 P.2d 1269 (1974), and <u>Kajiya v. Dept. of Water Supply</u>, 2 Haw. App. 221, 629 P.2d 635 (1981). However, <u>Medeiros</u> considered only whether an official exercising his or her authority has limited or absolute liability and held that "if an official in exercising his authority is motivated by malice, and not by an otherwise proper purpose, then he should not escape liability for the injuries he causes."  55 Haw. at 503, 522 P.2d at 1271.  <u>Medeiros</u> did not make a distinction between an official's liability in his or her individual and official capacity.

In <u>Kajiya</u>, the plaintiff asserted tort claims against, *inter alia*, defendant Shigeto Murayama in his individual capacity and in his capacity as Director of the Department of Water Supply. 2 Haw. App. at 222 n.2, 629 P.2d at 638 n.2.  This Court explained that, "[i]f it is determined that Mr. Murayama was acting in his capacity <u>as an individual</u>, then he is liable only if he committed a tort against plaintiffs." <u>Id.</u> at 226, 629 P.2d at 640 (emphasis added) (footnote omitted).  However, "[i]f it is determined that Mr. Murayama was acting <u>within the scope of his employment as a public official</u>, then he can be held liable for general, special, and punitive damages (1) if he <u>maliciously</u> exercised his official discretion, or (2) if he <u>maliciously</u>

5

committed a tort against plaintiffs[.]"  Id. (emphasis added) (footnote and citations omitted).

We also consider Costales v. Rosete, 133 Hawaiʻi 453, 331 P.3d 431 (2014), where the Hawaiʻi Supreme Court stated:

> To defeat a public official's claim of qualified immunity, the burden is on the plaintiff to adduce "clear and convincing proof that [the public official] defendant was motivated by malice and not by an otherwise proper purpose." [Medeiros, 55 Haw. at 505, 522 P.2d at 1272] "If it is determined that [the individual defendant] was acting within the scope of his employment as a public official, then he can be held liable for general, special, and punitive damages (1) if he maliciously exercised his official discretion, or (2) if he maliciously committed a tort against plaintiffs...." Kajiya v. Dep't of Water Supply, 2 Haw.App. 221, 227, 629 P.2d 635, 640 (App.1981) (citations and footnote omitted).

Id. at 466, 331 P.3d at 444 (brackets in original and added). The supreme court in Costales held that jury instructions were defective because there had been no jury instruction on malice or improper purpose, and thus, when the jury assigned damage amounts to particular defendants in their individual and official capacities in the special verdict form, the jury "was not informed that [the plaintiff] had to meet a higher burden of proof in order to hold the individual defendants personally liable for her damages."  Id. at 467, 331 P.3d at 445.

Under Medeiros, Kajiya and Costales, Shibuya's allegations that Chief Perry and Deputy Chief Begley acted with malice is relevant to whether they can be held liable when acting in their capacity as a public official, but is not determinative as to whether they can be held liable when acting in their individual capacity.  Shibuya does not otherwise argue the Complaint alleged claims that Chief Perry and Deputy Chief Begley were acting in their individual capacities.  To the contrary, Shibuya admits in his opening brief that his "complaint alleges in relevant part that Defendants-Appellants Chief Perry and Deputy Chief Begley essentially contrived to destroy Lt. Shibuya's reputation and ruin his career through fraud, deceit and the abuse of their newly conveyed powers" and that "to

accomplish their objective, Chief Perry and Deputy Chief Begley fabricated an 'Administrative Investigation'". (emphasis added). We agree with the Circuit Court that the allegations in the Complaint pertain to matters in the scope of Chief Perry and Deputy Chief Begley's employment as public officials.

The Circuit Court did not err in dismissing Shibuya's claims against Chief Perry and Deputy Chief Begley in their individual capacities.

Dismissal of individual capacity claims does not preclude a person acting within the scope of their employment as a public official from being held personally liable if it is proven by clear and convincing evidence that they acted maliciously.  In this case, however, the claims against Chief Perry and Deputy Chief Begley in their official capacities were dismissed by stipulation.[2]

---

[2]  On March 8, 2017, almost three years after the Circuit Court dismissed Shibuya's claims against Chief Perry and Deputy Chief Begley in their individual capacities, a "Stipulation to Dismiss Defendants Darryl D. Perry, in his Official Capacity, and Mark N. Begley, in his Official Capacity" (**Stipulation**), signed by all parties in this case, was approved and filed by the Circuit Court.  The stipulation indicates that the parties were dismissing the claims against Chief Perry and Deputy Chief Begley in their official capacities "because the claims against the Individual Defendants are duplicative of the claims asserted against Defendant County of Kauai."  The Stipulation further states:

> This Stipulation to Dismiss Defendants DARRYL D. PERRY, in his official capacity, and MARK N. BEGLEY, in his official capacity, is subject to and with reservation of all rights and claims of Plaintiff to appeal any previous Orders(s), including but not limited to, the dismissal of Defendants DARRYL D. PERRY and MARK N. BEGLEY, in their individual and official capacities.  Other than effecting the dismissal from this case of Defendants DARRYL D. PERRY, in his official capacity, and MARK N. BEGLEY, in his official capacity, subject to any appeal, this Stipulation shall not act as a waiver or affect any claims nor prevent Plaintiff from exercising any rights or remedies available to Plaintiff, including without limitation, Plaintiffs right to appeal.

Shibuya does not raise any issues in this appeal related to the stipulated dismissal of his claims against Chief Perry and Deputy Chief Begley in their official capacities.

**B.    Non-Negligence Based Claims Against the County and KPD**[3]

Shibuya argues that the Circuit Court erred in granting the County and KPD's motion for summary judgment based on the exclusivity provision of the Hawaiʻi Workers' Compensation Law, HRS § 386-5, because the statute does not apply where the employee alleges that co-workers acted outside the course and scope of their employment and were motivated by malice.[4]  We disagree.

The exclusivity provision of Hawaiʻi's Workers' Compensation Law, HRS § 386-5 (2015), provides:

> **Exclusiveness of right to compensation; exception.** The rights and remedies herein granted to an employee or the employee's dependents <u>on account of a work injury suffered by the employee shall exclude all other liability of the employer to the employee</u>, the employee's legal representative, spouse, dependents, next of kin, or anyone else entitled to recover damages from the employer, at common law or otherwise, on account of the injury, except for sexual harassment or sexual assault and infliction of emotional distress or invasion of privacy related thereto, in which case a civil action may also be brought.

(Emphasis added.) HRS § 386-1 (2015) defines "work injury" as "a personal injury suffered under the conditions specified in section 386-3."

HRS § 386-3 (2015) provides, in pertinent part:

> **Injuries covered.**  (a) <u>If an employee suffers personal injury either by accident arising out of and in the course of the employment</u> or by disease proximately caused by or resulting from the nature of the employment, the employee's

---

[3]  On June 10, 2014, the Circuit Court entered an "Order Granting in Part and Denying in Part [County] and [KPD's] Motion to Dismiss Verified Complaint" which determined that Shibuya's negligence based claims -- negligence, negligent infliction of emotional distress, and negligent supervision -- are barred by HRS § 386-5.  Shibuya does not challenge the Circuit Court's dismissal of his negligence based claims. Shibuya only challenges the Circuit Court's Order Granting MSJ, which held that Shibuya's remaining claims against the County and KPD, *i.e.*, the non-negligence based claims -- civil conspiracy, constructive discharge, defamation, intentional infliction of emotional distress, abuse of process, malicious prosecution, and invasion of privacy -- are barred by HRS § 386-5.

[4]  Shibuya does not argue that any of his particular claims are not barred by the Workers' Compensation exclusivity provision.  We note that Shibuya alleges a constructive discharge claim but this claim is unlike the employment discrimination claim asserted in <u>Furukawa v. Honolulu Zoological Soc.</u>, 85 Hawaiʻi 7, 936 P.2d 643 (1997), under HRS Chapter 378 and HRS Chapter 368.

> employer or the special compensation fund shall pay compensation to the employee or the employee's dependents as provided in this chapter.
>
> <u>Accident arising out of and in the course of the employment</u> **includes the wilful act of a third person directed against an employee because of the employee's employment.**

(Emphases added.) HRS § 386-8 (2015), which covers the liability of third persons for a work injury, provides in relevant part:

> Another employee of the same employer shall not be relieved of his liability as a third party, if the personal injury is caused by his wilful and wanton misconduct.

Essentially, Shibuya raises the same argument that this Court expressly rejected in <u>Yang v. Abercrombie & Fitch Stores</u>, 128 Hawai'i 173, 284 P.3d 946 (App. 2012), overruled in part by <u>Nakamoto v. Kawauchi</u>, 142 Hawai'i 259, 418 P.3d 600 (2018).[5] In <u>Yang</u>, a store employee alleged that she was wrongfully accused of stealing money by her co-workers and filed a complaint alleging multiple intentional tort causes of action, including defamation, wrongful termination, civil conspiracy, and intentional infliction of emotional distress. <u>Id.</u> at 174-75, 284 P.3d at 947-48. This Court held that,

> The plain language of HRS § 386-5, and the harmonious reading of the Workers' Compensation Law as a whole, <u>mandates the conclusion that the workers' compensation remedies granted to Yang exclude all other liabilities of [the employer] to Yang on account of the personal injuries she allegedly suffered arising out of and in the course of her employment</u>. As the supreme court discussed in <u>Iddings</u>, HRS § 386-8 clearly limits the immunity provided to a co-employee who has caused an injury by willful and wanton misconduct, which includes intentional and reckless acts. [<u>Iddings v. Mee-Lee</u>, 82 Hawai'i 1, 12, 912 P.2d 263, 274 (1996)]. Neither HRS § 386-5 nor HRS § 386-8 include any such limitation for the immunity provided to the employer. <u>Nor do these provisions allow, as Yang seeks to pursue, suit against the employer for the alleged willful and wanton misconduct of a complainant's fellow employee.</u>

---

[5] In <u>Nakamoto</u>, the Hawai'i Supreme Court overruled <u>Yang</u> to the extent it held that HRS § 386-5 precludes employees from bringing defamation claims against their employers. <u>Nakamoto</u>, 142 Hawai'i at 268-69, 418 P.3d at 609-10. The supreme court held that the exclusivity provision does not extend to injuries to a person's reputation because the purpose of Workers' Compensation Law is to compensate employees for work-related physical and mental injuries while the purpose of defamation and false light actions is to compensate a plaintiff for harm to his or her reputation. <u>Id.</u> at 268, 418 P.3d at 609.

Id. at 181, 284 P.3d at 954 (footnote omitted) (emphases added). Shibuya argues that unlike in Yang, Chief Perry and Deputy Chief Begley were not merely acting in the course and scope of their employment and were motivated by malice.  However, for purposes of the County and KPD's liability, the main inquiry is whether Shibuya suffered "personal injury . . . by accident arising out of and in the course of the employment[.]"  In turn, HRS § 386-3 expressly provides that "[a]ccident arising out of and in the course of the employment includes the wilful act of a third person directed against an employee because of the employee's employment."  See HRS § 386-3.  Thus, even if the alleged actions by Chief Perry and Deputy Chief Begley in this case were motivated by malice, the exclusivity provision under HRS § 386-5 applies with respect to Shibuya's claims against his employers, the County and KPD.

Given the above, the Circuit Court did not err in granting the County and KPD's Motion for Summary Judgment and concluding that Shibuya's non-negligence based claims -- civil conspiracy, constructive discharge, intentional infliction of emotional distress, abuse of process, malicious prosecution and invasion of privacy -- for which he asserts physical and emotional injury against the County and KPD, were barred by HRS § 386-5.

However, the Circuit Court erred to the extent that it determined that Shibuya's defamation claim against the County and KPD were barred by the exclusivity provision.  See Nakamoto, 142 Hawaiʻi at 272, 418 P.3d at 613 (holding that reputational harm is not a "personal injury" under HRS § 386-3 and thus not barred by HRS § 386-5).

Nevertheless, it is well settled that "[a]n appellate court may, however, affirm a decision of a lower court on any ground in the record which supports affirmance."  Peak Capital Group, LLC v. Perez, 141 Hawaiʻi 160, 175, 407 P.3d 116, 131 (2017).  Appellees argue that Shibuya's defamation claim is time barred pursuant to HRS § 657-4 (2016), which governs defamation

10

actions and which provides, "[a]ll actions for libel or slander shall be commenced within two years after the cause of action accrued, and not after."  In his reply brief, Shibuya does not argue that the defamation claim is timely.  We agree with the Appellees that Shibuya's defamation claim is time barred by the statute of limitations.

Shibuya filed his Complaint on November 29, 2013. Under HRS § 657-4, the alleged defamatory statements must have been made no earlier than November 29, 2011.  See Bauernfiend v. AOAO Kihei Beach Condos., 99 Hawaiʻi 281, 284, 54 P.3d 452, 455 (2002) ("the computation of time under the prescribed two-year statute of limitations would exclude the first day on which the cause of action accrues and include the last day, two years thereafter.").

Shibuya alleged in his Complaint, *inter alia*,

> 203. Defendants, and each of them, knowingly made and published false accusations and information about Plaintiff to members of the Kauai Police Department and/or other persons falsely accusing Plaintiff, *inter alia,* that Suspect 1 and Suspect 2 were members of [organized crime] on Kauai, that Plaintiff had divulged the name of a cooperating witness in the investigation of the Keapana Chicken Fight Raid to Suspect 1 and Suspect 2, and that Plaintiff had inappropriate ties to members of [organized crime] on Kauai[.]

In Shibuya's Declaration dated October 2, 2017, attached to his Memorandum in Opposition to the County and KPD's Motion for Summary Judgment, Shibuya attests that after learning of his involvement in the 2009 Keapana Raid investigation, Chief Perry and Deputy Chief Begley "began making false statements about [Shibuya] to other police offers at KPD" and "[b]ased on the false statements . . . Chief Perry and Deputy Chief Begley, using the color of their respective offices, initiated disciplinary transfer proceedings against [Shibuya] on April 16, 2009."  In other words, based on his declaration, the defamatory statements were alleged to have occurred after the 2009 Keapana Raid and leading up to Shibuya's disciplinary transfer proceedings in April 2009, which would render his defamation claim untimely.

Moreover, the answering brief points to portions of Shibuya's deposition to further indicate that the defamation claim is untimely, in which Shibuya testified that his defamation claim is based on: (1) a document signed by Deputy Chief Begley titled "Lieutenant Eric Shibuya judgment concerns" dated revised June 10, 2009; (2) a memo from Deputy Chief Begley to Shibuya dated April 28, 2009; and (3) general statements made by unknown persons to third parties that Shibuya was the subject of an administrative investigation.  A defamation claim based on the two documents is clearly untimely.  Shibuya's deposition is unclear as to when the general statements were made to third parties that he claims were defamatory.  Further, when asked directly during his deposition, Shibuya was unable to identify who made the allegedly defamatory statements or what statements were made.  In other words, Shibuya was unable to establish he could potentially show who made allegedly defamatory statements, what the statements were and when they were allegedly made.  Discovery was closed when the Order Granting MSJ was entered on November 14, 2017, and thus the County and KPD satisfied its initial burden as the movant by demonstrating that Shibuya would be unable to carry his burden of proof at trial.[6]  See Ralston, 129 Hawaiʻi at 57, 292 P.3d at 1287 ("where the non-movant bears the burden of proof at trial, a movant may demonstrate that there is no genuine issue of material fact by . . . demonstrating that the non-movant will be unable to carry his or her burden of proof at trial.").

The undisputed record indicates that Shibuya filed his defamation claim beyond the applicable two-year statute of limitations in HRS § 657-4.  Thus, as to the defamation claim, we affirm the Circuit Court on this basis.

---

[6]  The Order Setting Trial Date does not specify a discovery deadline. Trial was set for the week of December 4, 2017.  Pursuant to the Rules of the Circuit Court of the State of Hawaiʻi (**RCCH**) Rule 12(r) (2007), the discovery deadline was 60 days before the assigned trial date, which means the discovery deadline was October 5, 2017.  See RCCH Rule 12(r) ("Discovery shall be cut off 60 days before the assigned trial date.").

12

### C.    HLRB Hybrid Action and Exhaustion of Remedies

Finally, Shibuya contends that the Circuit Court erred in determining he was required to initially pursue his claims against the County and KPD as a hybrid action before the HLRB and exhaust his administrative remedies.  Shibuya argues that his claims do not allege a violation, misinterpretation, or misapplication of a provision of the collective bargaining agreement and thus he was not required to exhaust his administrative remedies.

In its Order Granting MSJ, the Circuit Court ordered, *inter alia*, as follows:

> 1. The exceptions to the exclusivity provision of the Workers' Compensation Law, Haw. Rev. Stat. § 386-5, do not apply to the claims asserted by Plaintiff in this case. As such, all of Plaintiff's remaining claims are barred by Haw. Rev. Stat. § 386-5, and <u>Defendants' Motion is granted on this basis.</u>
>
> 2. It is undisputed that Plaintiff asked the union to file a grievance on his behalf and the union refused. As such, Plaintiff was required to initially pursue his claims as a hybrid action before the Hawaii Labor Relations Board ("HLRB"), as set forth in *Lee v. United Pub. Workers, AFSCME, Local 646,* 125 Hawaiʻi 317, 260 P.3d 1135 (Haw. Ct. App. 2011). Although Plaintiff may appeal an adverse HLRB decision to this Court, this Court lacks original jurisdiction over Plaintiff's claims, and <u>Defendants' Motion is granted on this additional basis</u>.

(Emphases added.)

The Circuit Court granted the County and KPD's motion for summary judgment on the basis that Shibuya's claims were barred by the workers' compensation statute, and further concluded that Shibuya was required to initially pursue his claim as a "hybrid action" as an additional basis.  Given our determination above that the Circuit Court did not err in granting summary judgment for the County and KPD based on the workers' compensation exclusivity provision and the statute of limitations as to the defamation claim, we need not reach Shibuya's third point of error.

## IV.  Conclusion

For the forgoing reasons, we affirm the Circuit Court's Final Judgment entered on December 20, 2017, and the following:

(1) "Order Granting Defendant Mark N. Begley's, in his Individual Capacity, Motion to Dismiss Verified Complaint" entered on June 10, 2014;

(2) "Order Granting Defendant Darryl D. Perry's, in his Individual Capacity, Motion to Dismiss Verified Complaint" entered on June 10, 2014; and

(3) "Order Granting Defendants County of Kauai and Kauai Police Department's Motion for Summary Judgment" entered on November 14, 2017.

DATED:  Honolulu, Hawaiʻi, January 31, 2023.

On the briefs:

Eric Shibuya,
(Charley Foster on opening brief),
Self-Represented Plaintiff-Appellant

Sarah O. Wang,
Emily R. Marr,
for Defendants-Appellees

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge