HENRY W. KINNEY AND JOSEPH AGUIAR, ALSO KNOWN AS JOE R. AGUIAR, COPARTNERS, *v.* TERRITORY OF HAWAII.

No. 2307.

SUBMITTED FEBRUARY 20, 1937.            DECIDED MAY 25, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY PETERS, J.

The 1935 legislature of the Territory passed an Act authorizing the submission to the circuit court of the fifth judicial circuit of the Territory of the claim of Henry W. Kinney and Joseph Aguiar, copartners, hereinafter referred to as the claimants, for extra work performed by them in carrying out a contract entered into by them with the superintendent of public works of the Territory for the construction of the second unit of Waimea canyon road, Island of Kauai, and granting leave to claimants to submit their claim to a court of competent jurisdiction within three months of the effective date of the Act. The Act (Act 20, ser. E-210, L. 1935, p. 320) is quoted in the margin.[1] The Act was approved May 18, 1935, and this, under its terms, became its effective date.

---

[1] Act 20, ser. E-210, L. 1935. "Section 1. There is hereby appropriated out of any moneys in the treasury received from general revenues the sum of twelve thousand nine hundred and sixty dollars ($12,960.00) to be expended as herein provided. Section 2. The amount appropriated, or as much thereof as may be necessary, shall become available only after it has been determined by a court of competent jurisdiction that the Territory of Hawaii is liable for alleged extra work performed by Henry W. Kinney and Joseph Aguiar, copartners, in carrying out the terms of a contract entered into by them with the superintendent of public works of said territory for the construction of the Second Unit, Waimea Canyon Road, Island of Kauai. Section 3. There is hereby submitted to the circuit court of the fifth judicial circuit for determination the claim of said Henry W. Kinney and Joseph Aguiar, copartners, for reimbursement for alleged extra work performed by them in carrying out the terms of said contract. Section 4. The attorney general shall represent the Territory of Hawaii in any proceeding instituted in accordance with this Act, and is hereby authorized and directed to interpose any legal or equitable defense, counter-claim or setoff to said claim of Kinney and Aguiar to which the territory may be entitled. Section 5. The claimants shall submit their claim to a court of competent jurisdiction within three months from the effective date of this Act. Section 6. This Act shall take effect upon its approval."

Within three months of the effective date of the Act the claimants filed a complaint in assumpsit in the circuit court of the fifth judicial circuit against the Territory for divers extras alleged to have been furnished by them under the contract referred to in the Act. Incorporated in the complaint is a demand for jury trial. The Territory demurred upon the grounds, among others: 1. "That it affirmatively appears from said complaint and Exhibit 'A' [contract] attached thereto that plaintiffs' claim, or claims, if any, are barred by the statute of limitations (Section 4424 Revised Laws of Hawaii, 1935)"; and 2. "That the demand for a jury trial contained in paragraph XIII of said complaint is not warranted by any statute of the United States of America or of the Territory of Hawaii." The court sustained the defendant's demurrer on both grounds and dismissed the complaint. The plaintiffs are here on exceptions.

1. It may be accepted as a major premise herein that the Territory of Hawaii may not be sued without its consent. And then only upon such conditions as the legislature of the Territory may prescribe. By section 4420, R. L. 1935, there was conferred upon the several circuit courts original jurisdiction to hear and determine "all claims against the Territory founded upon any statute of the Territory; or upon any regulation of an executive department; or upon any contract, expressed or implied, with the Territory, and all claims which may be referred to any such court by either house of the legislature," and one of the conditions imposed was that "every claim against the Territory, cognizable as aforesaid, shall be forever barred unless the petition setting forth a statement thereof is filed in the court, or transmitted to it by the secretary of the senate or the clerk of the house of representatives, as provided by law, within two years after the claim first accrues." R. L. 1935, § 4424.

Obviously the within action is upon claims against the

Territory founded upon an express contract with the Territory.

Whether or not this action was filed within two years after the respective claims, the subject of suit, first accrued we are not prepared to say. The complaint fails to allege the precise time or times when the respective amounts for the extras furnished became payable by the Territory. The resort of the defendant to a demurrer would indicate that it assumed that it affirmatively appeared by the allegations of the complaint, at least inferentially, that the respective claims, the subject of suit, accrued more than two years prior to the filing of the complaint. The plaintiffs treated the defense as properly raised by the demurrer. The court below in its opinion found that the claims, the subject of suit, accrued July 17, 1929 (the completion date required by the contract), a date not only more than two years prior to the filing of the complaint but also more than two years prior to the approval date of Act 20 of the Session Laws of 1935. Holding as we do that the demurrer was improperly sustained upon the grounds considered we shall assume that the trial court's conclusion as to the accrual date is correct without prejudice to the plaintiffs, however, of showing another or different date or dates.

There can be no doubt of the Territory's ability to contract and its liability for claims against it accruing under its contracts. Nor can there be any doubt that such claims once accrued continue as valid and subsisting claims whether a remedy for their establishment against the Territory exists or not. The Territory provided a remedy by conferring jurisdiction upon the several circuit courts of claims against it founded upon its contracts. But the same power that conferred this jurisdiction may enlarge it. Similarly the same power that imposed limitations upon the exercise of the remedy may waive them. Assuming that the claimants were barred under the existing statute (R. L.

1935, § 4424) they were in no different position prior to the approval of Act 20 than if no remedy existed. After the passage of Act 20 they were in the same position as though section 4424 did not exist. So that the transition from the absence of a remedy to the existence of a remedy subject to time limitations followed by a waiver of the bar imposed by such time limitations seems absolutely logical and consistent with the purposes and character of the remedy afforded and the powers of the legislature in respect thereto.

To enlarge the jurisdiction of courts sitting as courts of claims to include claimants barred by the time limitations of the existing statutes is nothing new. It seems to be a time-honored means of relief of those who, in the opinion of the legislative bodies, through no fault of their own are by time limitations denied a remedy.

In the case of *Erwin* v. *United States,* 97 U. S. 392, the court said (pp. 394, 395): "The purpose of the statute passed for the relief of the appellant, as is manifest on its face, was to remove the bar of the Captured and Abandoned Property Act, which had arisen without his fault, or rather to confer jurisdiction upon the Court of Claims over his case, which otherwise would not have existed."

In *United States* v. *Cumming,* 130 U. S. 452, in construing a special Act of the Congress of the United States for the relief of claimants against the United States, the court said (p. 454): "It is evident that Congress intended to open the doors of the Court of Claims to the plaintiffs, so far as to permit them to sue the government, unembarrassed by any defence of the statute of limitations, and to obtain an adjudication, based upon 'the law and facts,' as to the liability of the United States for the wrongs of which complaint is made. In other words, the jurisdiction of the Court of Claims was so enlarged as to embrace this particular demand and to authorize such judgment as, under

all the evidence, would be consistent with law." (See also *Ex Parte Zellner*, 9 Wall. [U. S.] 244, 246; *Rice* v. *United States*, 122 U. S. 611, 617, 618.)

The question remains whether by Act 20, *supra*, the legislature expressly or impliedly waived the defense of the statute of limitations available to it under the provisions of section 4424, *supra*. Obviously claimants' claims, if barred by the provisions of section 4424, *supra*, were not within the jurisdiction of a circuit court and the same could not be enforced unless the jurisdiction of the appropriate circuit court was enlarged and the bar of the statute waived. And in our opinion it was the removal of these obstacles to the enforcement of the claimants' claims that the legislature by the enactment of Act 20 sought to effect. By submitting claimants' claims to the fifth circuit court it enlarged the jurisdiction of that court to embrace claimants' claims and by permitting claimants to sue in a court of competent jurisdiction it waived the defense of the statute of limitations. By thus enlarging the jurisdiction of the fifth circuit court that court became a "court of competent jurisdiction" as that term is employed in section 5 of the Act. It is true that the Act does not contain any provision expressly waiving the provisions of section 4424 but the permission granted claimants to sue in a court of competent jurisdiction was tantamount to an implied repeal of the provisions of section 4424, to the extent that they might apply to claimants. This is emphasized by the new and substitute time limitation imposed by section 5. The exercise of the additional jurisdiction granted to the fifth circuit court by the third section of the Act was conditional upon a claim being filed by the claimants invoking such jurisdiction. And the filing of such claim was subject to the additional condition that it be filed within three months of the effective date of the Act. The only remaining time limitation, therefore, imposed upon the prosecution

of the claim of the claimants, was the three months' limitation provided by section 5 of the Act.

Nor does the provision requiring the attorney general to interpose "any legal or equitable defense * * * to which the territory may be entitled" militate against our conclusions. It is inconceivable that the legislature would expressly submit claimants' claims to a court for determination and grant leave to claimants to file them in such court and at the same time reserve to itself a defense from the effects of which the Act ostensibly gave relief. A reasonable construction of the duties imposed on the attorney general excludes the interposition of the defense of the statute of limitations.

It was optional with the legislature to grant leave to the claimants to present their claim to a court of competent jurisdiction. It was within its power to insist upon the bar of the existing statute or to grant leave to sue in a court of competent jurisdiction despite the statute. It chose the latter course. And in so doing it, on behalf of the Territory, waived the defense of the statute.

"The statute of limitations as a defense is a personal one, and may be waived, even if the claim has been barred by statute. The state might waive that defense and authorize this suit, and we think by its action in this case it has done so. When this claim was presented to the legislature and leave to sue was asked for, more than two years had already run, which would have furnished a sufficient excuse to the legislature to refuse leave to sue. It, nevertheless, by the action of the senate, granted such leave, and this was a waiver of the bar of the statute." *Lancaster County* v. *State,* 74 Neb. 211, 104 N. W. 187. (See also *Bickerdike* v. *State,* 144 Cal. 681, 78 Pac. 270, 274, 275; *O'Rourke* v. *State,* 276 N. Y. S. 667, 668; *State* v. *Elliott* [Tex. Civ. App.], 212 S. W. 695, 702.)

The trial court based its decision on the case of *Wong Nin* v. *City and County,* 33 Haw. 379. That case, however,

is distinguishable from the case at bar. In that case, differently from the instant case, the Act contained no submission of the claim to the appropriate court nor leave to present a claim to a court of competent jurisdiction. All that was before us in that case was the question of the effect of an appropriation made by the legislature "for the purpose of paying any legally adjudicated claims"; qualified by the provision that "any claim presented * * * shall not be deemed a legally adjudicated claim * * * unless it shall be found to be a valid legal claim by a court of competent jurisdiction in a final judgment against the Territory of Hawaii and/or any subdivision thereof." Obviously in that case the legislature neither enlarged the jurisdiction of the appropriate tribunal nor expressly nor impliedly waived the bar of the statute applicable to the claim in suit.

2. Section 4420, R. L. 1935, expressly provides that in actions against the Territory the court "shall determine all questions of fact involved without the intervention of a jury." This is but another condition imposed upon the remedy provided and must be observed unless expressly or impliedly waived by the legislature. Act 20, *supra*, is silent on the subject. The jurisdiction to hear the instant case is predicated upon the provisions of section 4420, *supra*, as enlarged by Act 20, *supra*, and as so considered the condition as contained in the section must be observed. (*McClure* v. *United States*, 116 U. S. 145.)

Whether the demand for a jury trial was properly incorporated in the complaint is immaterial to the issues. Holding as we do that the claimants are not entitled to a jury trial the demand as incorporated in the complaint becomes mere surplusage.

The exception to the order sustaining the demurrer is sustained and the cause remanded.

*W. C. Achi* and *E. K. Aiu*, attorneys for plaintiffs.

*S. B. Kemp*, Attorney General, and *G. P. Kimball*, Deputy Attorney General, for the Territory.