SHANE WHITTINGTON, Plaintiff–Appellant, v. STATE OF HAWAII, Defendant–Appellee, and JOHN DOES 1–100, Defendants

NO. 14638

(CIV. NO. 90–0024)

MARCH 8, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a dismissal of an action against the State for negligence. The action was brought under HRS Chapter 662. HRS § 662–4 provides:

A tort claim against the State shall be forever barred unless action is begun within two years after the claim

accrues, except in the case of a medical tort claim when the limitation of action provisions set forth in section 657–7.3 shall apply.

Our State Tort Liability Act, which created a right of action not theretofore existent, was modelled on the preceding and parallel federal act. *Rogers v. State*, 51 Haw. 293, 459 P.2d 378 (1969). Under federal statutes, there is a six–year limitation statute, with express minority tolling, for actions other than those based on tort, but a two–year notice, followed by a six–month commencement of action provision, for tort claims with no express minority tolling. Federal cases have refused to recognize minority tolling in federal tort actions.

Similarly our statute governing non–tort claims against the State expressly allows limited minority tolling (HRS § 661–5), but our Tort Liability Act contains no such provision (HRS § 662–4).

The appellant was a minor when the action accrued and when the two–year period ran. Appellant contends that the suit is not barred citing HRS § 657–13, which provides:

> If any person entitled to bring any action specified in this part (excepting actions against the sheriff, chief of police, or other officers) is, at the time the cause of action accrued, either:
>
> (1) Within the age of eighteen years; . . .
> such person shall be at liberty to bring such actions within the respective times limited in this part, after the disability is removed or at any time while the disability exists.

Actions brought under HRS Chapter 662 however, are not actions specified in Part I of Chapter 657, and accordingly, the extension for minors allowed in HRS § 657–13 is not applicable to actions against the State brought under Chapter 662 and HRS § 662–4 bars this suit. Affirmed.

*Charles J. Ferrera* on the briefs for appellant.

*Norma Desantis Titcomb* and *Wesley F. Fong*, Deputy Attorneys General, on the brief for appellee.
On the Amici Curiae brief:

*James Krueger* and *Peter T. Cahill* for Association of Trial Lawyers of America and Hawaii Academy of Plaintiffs' Attorneys.