**FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000731**
**12-APR-2023**
**08:04 AM**
**Dkt. 91 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

---o0o---

WAYNE OKUTSU, Plaintiff-Appellant
v.
STATE OF HAWAIʻI, Defendant-Appellee,
and
JOHN DOES 1-5, Defendants

NO. CAAP-17-0000731

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC171000409)

APRIL 12, 2023

LEONARD, PRESIDING JUDGE, HIRAOKA AND MCCULLEN, JJ.

OPINION OF THE COURT BY HIRAOKA, J.

Plaintiff-Appellant Wayne **Okutsu** sued Defendant-Appellee **State** of Hawaiʻi under the State Tort Liability Act (**STLA**), Hawaii Revised Statutes (**HRS**) Chapter 662. The STLA requires that a non-medical tort action be commenced within two years after the claim accrues. The State moved to dismiss based

upon the STLA statute of limitations.  The Circuit Court of the First Circuit granted the motion.[1]

Okutsu appealed.  He contends that the State waived the statute of limitations, that the time bar should have been equitably tolled, or that there were genuine issues of material fact about waiver or equitable tolling.  We hold that the time bar imposed by the legislature is jurisdictional; it is not subject to waiver by, or equitable tolling based upon conduct of, the executive branch.  Okutsu's lawsuit was filed more than two years after his tort claim accrued.  Accordingly, we affirm the Final Judgment entered by the circuit court on May 16, 2018.

## I.  BACKGROUND

Okutsu had been incarcerated in a Hawaiʻi correctional facility.  His complaint, seeking tort damages from the State, was filed on March 9, 2017.  It alleged that the State negligently held Okutsu for 49 days after his release date.  The record isn't clear about when Okutsu should have been released from custody, or when he was actually released.[2]  However, there is no dispute that Okutsu was actually released some time in 2012 — more than four years before he filed his complaint.

The State filed a motion to dismiss pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(b)(6).[3]  The State

---

[1]    The Honorable Virginia Lea Crandall presided.

[2]    Okutsu's complaint alleged that the State's "acts of negligence occurred beginning about February, 2012[.]"  The Hawaii Paroling Authority set Okutsu's minimum term to expire on July 17, 2012.  By letter dated February 16, 2012, the Department of Public Safety informed Okutsu that it had recalculated his "maximum term release dates[.]"  Okutsu's memorandum in opposition to the State's motion to dismiss states that he was released on September 11, 2012, but there is no declaration or exhibit in the record supporting the allegation.  The 49th day before September 11, 2012, is July 24, 2012.

[3]    HRCP Rule 12(b) provides, in relevant part:

> Every defense, in law or fact, to a claim for relief in any pleading, . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
> (continued...)

contended that Okutsu's action was barred by the STLA's two-year statute of limitations.  Okutsu's memorandum in opposition attached a declaration from his attorney, Jack **Schweigert**, and a number of emails between Schweigert and former deputy attorney general John F. **Molay**.  Okutsu argued: the State, through Molay, had waived the statute of limitations; the statute of limitations should be equitably tolled because of Molay's conduct; or alternatively, there were genuine issues of material fact about waiver or equitable tolling.

The State's reply memorandum attached a declaration from Molay and copies of more communication between Molay and Schweigert.  Schweigert was representing a number of clients who had over-detention claims against the State.  The State conceded that Molay agreed not to assert the statute of limitations defense against certain of Schweigert's over-detention clients, but argued that Okutsu wasn't one of them.

The State's motion was heard on June 19, 2017.  The circuit court took the motion under advisement.  On October 2, 2017, the court entered the "Order Granting Defendant State of Hawaii's Motion to Dismiss Complaint Seeking Damages[.]"  This appeal followed.  After Okutsu's notice of appeal was filed, we temporarily remanded for entry of an appealable final judgment pursuant to HRS § 602-57(3) (2016) and Waikiki v. Hoʻomaka Vill. Ass'n of Apartment Owners, 140 Hawaiʻi 197, 204, 398 P.3d 786, 793 (2017).  The circuit court entered the Final Judgment on May 16, 2018.

## II. POINTS OF ERROR

Okutsu's opening brief argues that the circuit court erred by granting the State's motion to dismiss because: **(1)** the State waived the statute of limitations; **(2)** the statute of limitations should have been equitably tolled; or **(3)** there was a

---

[3] (...continued)
. . . (6) failure to state a claim upon which relief can be granted[.]

genuine issue of material fact about whether the statute of limitations was waived or should be equitably tolled. After briefing was completed we issued an order, pursuant to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4),[4] inviting supplemental briefing "on the legal issue of whether the executive branch can waive the HRS § 662-4 time bar on the State's waiver of sovereign immunity." Neither party filed a supplemental brief.

### III. <u>STANDARDS OF REVIEW</u>

#### A. <u>Motion to Dismiss</u>

The State's motion to dismiss was filed under HRCP Rule 12(b)(6). Okutsu's memorandum in opposition and the State's reply memorandum both presented matters outside the pleadings that weren't excluded by the circuit court. Thus, we review the circuit court's decision using the standard applicable to HRCP Rule 56 motions for summary judgment. HRCP Rule 12(b).[5]

An appellate court reviews a trial court's grant of summary judgment de novo using the same standard applied by the trial court. <u>Nozawa v. Operating Engineers Local Union No. 3</u>, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018). Summary judgment is appropriate if the pleadings, depositions, answers to

---

[4]   HRAP Rule 28(b)(4) provides, in relevant part:

If an appellate court, when acting on a case on appeal, contemplates basing the disposition of the case wholly or in part upon an issue of plain error not raised by the parties through briefing, it shall not affirm, reverse, or vacate the case without allowing the parties the opportunity to brief the potential plain-error issue prior to disposition.

[5]   HRCP Rule 12(b) provides, in relevant part:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Id. at 342, 418 P.3d at 1198. Moreover, an appellate court "may affirm a grant of summary judgment on any ground appearing in the record, even if the circuit court did not rely on it." Reyes v. Kuboyama, 76 Hawaiʻi 137, 140, 870 P.2d 1281, 1284 (1994) (citations omitted).

### B.    Statutory Interpretation

"The interpretation of a statute is a question of law reviewable de novo." Taylor-Rice v. State, 105 Hawaiʻi 104, 108, 94 P.3d 659, 663 (2004) (cleaned up).

## IV. DISCUSSION

"[T]he State's liability is limited by its sovereign immunity, except where there has been a 'clear relinquishment' of immunity and the State has consented to be sued." In re Arbitration Between Hawaiʻi State Teachers Association and State Dep't of Educ., 140 Hawaiʻi 381, 396, 400 P.3d 582, 597 (2017) (quoting Taylor-Rice, 105 Hawaiʻi at 109, 94 P.3d at 664). The term sovereign immunity "refers to the general rule, incorporated in the Eleventh Amendment to the United States Constitution, that a state cannot be sued in federal court without its consent or an express waiver of its immunity. The doctrine also precludes such suits in state courts." Id. (quoting Nelson v. Hawaiian Homes Comm'n, 130 Hawaiʻi 162, 168, 307 P.3d 142, 148 (2013)).

### A.    The legislature's two-year limitation on the State's relinquishment of sovereign immunity cannot be waived by, or tolled by the conduct of, the executive branch.

The Territory of Hawaiʻi relinquished sovereign immunity from tort liability in 1957. The legislature passed Act 312, titled "An Act Creating a New Chapter to Permit Tort Claims Against the Territory of Hawaii." 1957 Haw. Sess. Laws

Act 312, at 384-86.  Act 312 was codified in Revised Laws of Hawaii (**RLH**) Chapter 245A and was given the short title "Territorial Tort Liability Act" (**TTLA**).  It included this provision:

> **§ 245A-2.  Waiver and liability of Territory.**  The Territory hereby waives its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.  If, however, in any case wherein death was caused, the Territory shall be liable only for actual or compensatory damages measured by the pecuniary injuries resulting from such death to the persons respectively, for whose benefit the action was brought.

RLH § 245A-2 (Supp. 1957).

The TTLA contained a statute of limitations:

> **§ 245A-4.  Statute of limitation.**  A tort claim against the Territory of Hawaii shall be forever barred unless action is begun within two years after such claim accrues.

RLH § 245A-4 (Supp. 1957).

The TTLA was renamed the State Tort Liability Act in 1960.[6]  When the Hawaii Revised Statutes were published in 1968, the STLA was codified as HRS Chapter 662.  Other than changing the word "Territory" to "State," HRS § 662-4 (1968) was identical to RLH § 245A-4 (Supp. 1957).

In 1976, the legislature amended HRS § 662-4 by adding an exception to the two-year time bar for medical tort claims. 1976 Haw. Sess. Laws Act 219, § 16 at 539; see Savini v. Univ. of Haw., 113 Hawaiʻi 459, 466, 153 P.3d 1144, 1151 (2007) (recognizing that 1976 amendment to HRS § 662-4 lengthened the limitation period for medical malpractice claims against the State).  HRS § 662-4 hasn't been amended since 1976, and currently provides:

_____

[6]    Hawaiʻi became a state in 1959.  Kalima v. State, 111 Hawaiʻi 84, 87, 137 P.3d 990, 993 (2006) ("[T]he Territory of Hawaiʻi became a state on August 1, 1959[.]")

6

> §662-4 **Statute of limitations.** A tort claim against the State shall be forever barred unless action is begun within two years after the claim accrues, except in the case of a medical tort claim when the limitation of action provisions set forth in section 657-7.3 shall apply.[7]

HRS § 662-4 (2016).

The two-year limitation on the State's relinquishment of sovereign immunity for non-medical torts is a term of the legislature's consent for the State to be sued in tort. As the United States Supreme Court explained:

> Most statutes of limitations seek primarily to protect defendants against stale or unduly delayed claims. Thus, the law typically treats a limitations defense as an affirmative defense that the defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver. Such statutes also typically permit courts to toll the limitations period in light of special equitable considerations.
>
> Some statutes of limitations, however, seek . . . to achieve a broader system-related goal, such as . . . *limiting the scope of a governmental waiver of sovereign immunity* . . . . The Court has often read the time limits of these statutes as more absolute, say, as requiring a court to decide a timeliness question despite a waiver, or as forbidding a court to consider whether certain equitable considerations warrant extending a limitations period. As convenient shorthand, the Court has sometimes referred to the time limits in such statutes as "jurisdictional."

John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133-34, 128 S. Ct. 750, 753, 169 L. Ed. 2d 591 (2008) (emphasis added) (citations omitted). The legislature did not consent to the State being sued for a non-medical tort more than two years after the claim accrued. The statutory time limitation on the State's relinquishment of sovereign liability can only be extended by the legislature. See W.C. Peacock & Co. v. Republic of Hawaii, 11 Haw. 404, 406 (Haw. Rep. 1898) (holding that "special permission from the . . . Legislature" was required to waive statute of limitations for contract claims against the government); United States v. Dalm, 494 U.S. 596, 610, 110 S. Ct. 1361, 1369, 108 L.

---

[7] Okutsu's complaint did not allege a medical tort claim.

Ed. 2d 548 (1990) ("If any principle is central to our understanding of sovereign immunity, it is that the power to consent to such suits is reserved to Congress."); see also In re Haw. State Teachers Ass'n, 140 Hawaiʻi at 396-97, 400 P.3d at 597-98 ("[A] waiver of sovereign immunity must be unequivocally expressed in statutory text . . . [and] it is not a court's right to extend the waiver of sovereign immunity more broadly than has been directed *by the legislature*[.]") (emphasis added) (cleaned up).  The HRS § 662-4 statute of limitations is thus jurisdictional.  It cannot be waived by the executive branch, nor is it subject to equitable tolling because of the executive branch's conduct.  Thus, the circuit court had no jurisdiction over Okutsu's lawsuit, which was filed more than two years after his claim accrued.

> **B.  The plain language of HRS § 662-4 shows that the statute of limitations cannot be waived by the executive branch.**

Hawaiʻi has adopted this guidance from federal law to determine whether the State has waived its sovereign immunity:

> (1) a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign; (2) a waiver of sovereign immunity must be unequivocally expressed in statutory text; (3) a statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text; (4) it is not a court's right to extend the waiver of sovereign immunity more broadly than has been directed by the legislature; and (5) sovereign immunity is not to be waived by policy arguments.

In re Haw. State Tchrs. Ass'n, 140 Hawaiʻi at 396–97, 400 P.3d at 597–98 (cleaned up).

The language of HRS § 662-4 unequivocally limits the State's waiver of sovereign immunity for non-medical torts to actions "begun within two years after the claim accrues[.]"  The statute makes no provision for waiver of the two-year period.  The executive branch cannot unilaterally broaden the statutory waiver beyond the two-year limitation period, after which non-

medical tort claims are unequivocally "forever barred[.]" Nor does HRS § 662-4 make any provision for tolling. <u>Whittington v. State</u>, 72 Haw. 77, 78, 806 P.2d 957, 957 (1991). Accordingly, the HRS § 662-4 two-year limitation on the State's relinquishment of sovereign immunity against liability for non-medical tort claims is not subject to waiver by, or equitable tolling based upon conduct of, the executive branch.

      **C.    Judicial precedent indicates that the legislature did not intend that the statute of limitations could be waived by, or tolled by acts or omissions of, the executive branch.**

In 1898, the Supreme Court of the Republic of Hawaiʻi considered **Act 26** of the Laws of the Republic (1895).[8] Act 26 provided, in relevant part:

> Every claim against this Government, cognizable as aforesaid, shall be forever barred unless the petition setting forth a statement thereof is filed in the Court, or transmitted to it by the Secretary of the Senate or the Clerk of the House of Representatives, as provided by law, within two years after the claim first accrues.

<u>W.C. Peacock & Co.</u>, 11 Haw. at 407 (quoting 1895 Laws of the Republic Act 26, § 5. The plaintiff in <u>W.C. Peacock & Co.</u> sought recovery of customs duties paid under protest from February 11, 1893, to January 8, 1894. Suit was filed on April 29, 1897 (more than two years after the last payment). The supreme court raised the statute of limitations issue sua sponte. The attorney general stated that the statute of limitations had been waived. <u>Id.</u> But the supreme court held that the statute of limitations couldn't be waived by the executive branch because "the Legislature alone had authority to determine what actions may or may not be brought against the Government . . . the Legislature being the proper mouth-piece of the State in matters of this

---

      [8]    Act 26 and its progeny did not afford a remedy for tort claims against the government. <u>See</u> <u>Meyer v. Territory of Hawaii</u>, 36 Haw. 75, 77-78 (Haw. Terr. 1942) (applying RLH § 4420 (1935)).

kind." Id. at 405. The court explained:

> In this respect an action against the Government differs from an action against a private person. There is no right to sue the State except so far as permitted by the State, and **if the State has permitted actions to be brought against it only within a certain time, the court should not entertain an action brought after the expiration of that time.** But an action may be brought against a private person and the court may entertain it **without special permission from the State through its Legislature**[] — the statute limiting this right being merely a defense which the defendant may insist on or waive at his pleasure.

Id. at 406 (emphasis added) (citation omitted); Cf. Kinney v. Territory of Hawaii, 34 Haw. 213, 214-15 (Haw. Terr. 1937) (holding that legislature waived statute of limitations, RLH Chapter 127 § 4424 (1935), by enacting specific legislation allowing plaintiffs to pursue lawsuit against Territory more than two years after their claim had accrued, as found by trial court).

Act 26 was amended and codified as § 1534 of Chapter 98 ("Suits by and Against the Hawaiian Government") of The Civil Laws of the Hawaiian Islands (1897). The statute, as amended, retained the "shall be forever barred" language:

> Every claim against this Government, cognizable as aforesaid, shall be forever barred unless the petition setting forth a statement thereof is filed in the Court, or transmitted to it by the Secretary of the Senate or the Clerk of the House of Representatives, as provided by law, within two years after the claim first accrues. Provided, that the claims of persons under legal disability shall not be barred if the petition be filed in the Court or transmitted, as aforesaid, within one year after the disability has ceased.

The statute was recodified as § 2004 of Chapter 129 ("Suits by and Against the Government") of the Revised Laws of Hawaii (1905), with non-substantive changes; the "shall be forever barred" language was again retained. The statute was recodified several more times, each time retaining the "shall be forever barred" language used in Act 26. See RLH Chapter 148 § 2667 (1915); RLH Chapter 152 § 2673 (1925); RLH Chapter 127 § 4424 (1935); RLH Chapter 220 § 10479 (1945); RLH § 245-5

(1955); HRS § 661-5 (1976).  The statute currently reads:

> **§661-5 Limitations on action**.  Every claim against the
> State, cognizable under this part, shall be forever barred
> unless the action is commenced within two years after the
> claim first accrues; provided that the claims of persons
> under legal disability shall not be barred if the action is
> commenced within one year after the disability has ceased.

HRS § 661-5 (2016).

When the legislature enacted the TTLA in 1957, it used
the same "shall be forever barred" language as the statute of
limitations governing contract claims against the Territory, RLH
§ 245A-4 (Supp. 1957), which the Supreme Court of the Republic of
Hawaii held to be jurisdictional in Peacock, 11 Haw. at 405-06.
The legislature is presumed to know the law, including the
supreme court's interpretations of statutory language, when
enacting or amending statutes.  State v. Casugay-Badiang, 130
Hawai‘i 21, 27, 305 P.3d 437, 443 (2013) (first quoting State v.
Reis, 115 Hawai‘i 79, 97, 165 P.3d 980, 998 (2007); and then
citing Territory of Hawaii v. Ota, 36 Haw. 80, 98–99 (Haw. Terr.
1942) ("While . . . legislative inaction does not amount to
legislative construction, it does indicate a lack of active
disagreement with [judicial interpretation] . . . .
[L]egislative inaction tends to indicate agreement.")).  Where
the legislature fails to act in response to the supreme court's
statutory interpretation, that statutory interpretation must be
considered to have the legislature's tacit approval.  See, e.g.,
State v. Hussein, 122 Hawai‘i 495, 529, 229 P.3d 313, 347 (2010)
(citing Gray v. Admin. Dir. of the Cts., 84 Hawai‘i 138, 143 n.9,
931 P.2d 580, 585 n.9 (1997)); State v. Dannenberg, 74 Haw. 75,
83, 837 P.2d 776, 780 (1992), superseded by statute on other
grounds, 1993 Haw. Sess. Laws Act 130, § 1 at 183-84, as
recognized in State v. Klie, 116 Hawai‘i 519, 174 P.3d 358
(2007).  The legislature's use of the "shall be forever barred"
language in the HRS Chapter 662 statute of limitations indicates
the legislature's agreement that only it can extend the statute
of limitations applicable to tort claims against the State.

D.    Under the analogous Federal Tort Claims Act, the "shall be forever barred" statute of limitations is jurisdictional and cannot be waived.

The STLA is modeled on the Federal Tort Claims Act, (**FTCA**), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-2680. <u>Doe Parents No. 1 v. State Dep't of Educ.</u>, 100 Hawai‘i 34, 59, 58 P.3d 545, 570 (2002). Accordingly, we may turn to federal case law construing the FTCA for guidance in construing the STLA. <u>Id.</u> at 59-60, 58 P.3d at 570-71.

The FTCA's statute of limitations is materially identical to that of the STLA:

> A tort claim against the United States ***shall be forever barred*** unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (2012) (emphasis added).

As of 1976, when the STLA statute of limitations was last amended, federal courts enforced the FTCA's statute of limitations as a jurisdictional requirement. <u>See, e.g.</u>, <u>Humphreys v. United States</u>, 272 F.2d 411, 412 (9th Cir. 1959) (holding "the District Court has no jurisdiction over [an untimely FTCA] action" "once the two-year period of limitations has run.") (citing <u>Edwards v. United States</u>, 163 F.2d 268, 269 (9th Cir. 1947); <u>Simon v. United States</u>, 244 F.2d 703, 705 & n.4 (5th Cir. 1957) (holding the FTCA's filing deadline is a jurisdictional condition on the Act's waiver of sovereign immunity) (citing <u>Carpenter v. United States</u>, 56 F.2d 828, 829 (2d Cir. 1932)); <u>Anderegg v. United States</u>, 171 F.2d 127, 128 (4th Cir. 1948), <u>cert. denied</u>, 336 U.S. 967, 69 S. Ct. 937 (Mem.), 93 L. Ed. 1118 (1949) (holding that the FTCA's filing deadline is a jurisdictional limit that the Government cannot waive) (first citing <u>Munro v. United States</u>, 303 U.S. 36, 41, 58 S. Ct. 421, 82 L. Ed. 633 (1938); and then citing <u>Finn v. United States</u>, 123 U.S. 227, 233, 8 S. Ct. 82, 31 L. Ed. 128 (1887)).

This is further indication that the legislature didn't intend that the STLA statute of limitations be subject to waiver by, or equitable tolling by conduct of, the executive branch.

## V.  CONCLUSION

The State Tort Liability Act statute of limitations, HRS § 662-4, cannot be waived by, or tolled by conduct of, the executive branch.  If a lawsuit asserting a non-medical tort claim against the State is filed more than two years after the claim accrued, state courts have no subject matter jurisdiction over the claim.  There was no dispute that Okutsu's lawsuit was filed more than two years after his tort claim accrued.  Accordingly, the circuit court did not err by granting the State's motion to dismiss.  We affirm the Final Judgment entered by the circuit court on May 16, 2018.

On the briefs:

Jack Schweigert,
Rory Soares Toomey,
for Plaintiff-Appellant.

Kendall J. Moser,
William K. Awong,
Deputy Attorneys General,
State of Hawaiʻi,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge