**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000540
16-SEP-2024
08:15 AM
Dkt. 90 SO**

NO. CAAP-20-0000540

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NA KIAʻI O MAʻILI, INC., Plaintiff-Appellant,
v.
LAULIMA DEVELOPMENT LLC and CITY AND COUNTY OF HONOLULU,
Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-19-0002152)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

**Na Kiaʻi** O Maʻili, Inc., James **Brito**, Sr., and Ted **Kuahine** appeal from the **Final Judgment** for **Laulima** Development LLC and the **City** and County of Honolulu entered by the Circuit Court of the First Circuit on August 10, 2020.[1]  We affirm.

Laulima was developing Hale Makana O Maili, a rental housing project intended to provide long-term affordable housing to Waiʻanae Coast communities.  During February and March 2017, Laulima presented the project at public meetings of the Waiʻanae Coast Neighborhood Board, the Nānākuli-Māʻili Neighborhood Board's Planning and Zoning Committee, and the Nānākuli-Māʻili Neighborhood Board.  A link to the draft environmental assessment was published on the state Department of Health Office of Environmental Quality Control website on February 23, 2017.  That

---

[1]     The Honorable Jeffrey P. Crabtree presided.

satisfied the Hawaiʻi Environmental Policy Act, Hawaii Revised Statutes (**HRS**) Chapter 343 (**HEPA**).  On June 8, 2017 (after the public review period for the draft environmental assessment ended), a link to the project's Final Environmental Assessment and Finding of No Significant Impact was published on the Office of Environmental Quality Control website.

Laulima requested affordable housing exemptions from certain City regulations and fees under HRS § 201H-38.  The City's Department of Planning and Permitting (**DPP**) sent its staff report and recommendation for approval to the City Council on September 21, 2018.  The City Council's Committee on Zoning and Housing held a public meeting on Laulima's request on October 18, 2018.  The committee recommended approval.  The City Council held a public meeting and approved the request on October 30, 2018.

Na Kiaʻi sued Laulima and the City on November 14, 2019.  Laulima and the City moved to dismiss under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 12(b)(6).  Brito and Kuahine moved to intervene.  Na Kiaʻi moved to amend its complaint.  The circuit court granted both motions to dismiss and denied the motion to amend and the motion to intervene.  The Final Judgment was entered on August 10, 2020.  This appeal followed.

The opening brief contains three overlapping points of error.  All challenge the dismissal of the complaint.[2]  The motions to dismiss and the oppositions presented matters outside the pleadings that weren't excluded by the circuit court.  We apply the standard of review for HRCP Rule 56 motions for summary judgment.  HRCP Rule 12(b); <u>Okutsu v. State</u>, 153 Hawaiʻi 192, 195, 528 P.3d 956, 959 (App. 2023).  We review a grant of summary judgment de novo.  <u>Nozawa v. Operating Engineers Local Union No. 3</u>, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018).  The issues of constitutional law raised by Na Kiaʻi are also reviewed

---

[2]     The statement of the points of error does not challenge the orders denying the motion to amend or motion to intervene.  Those orders are not before us in this appeal.  Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4).

de novo.  <u>Davis v. Bissen</u>, 154 Hawaiʻi 68, 77, 545 P.3d 557, 566 (2024).

Na Kiaʻi argues it was deprived of property without due process of law in violation of Hawaiʻi Constitution article I, section 5[3] and article XI, section 9.[4]  The circuit court concluded that Na Kiaʻi did not show it had a protected property interest that triggered due process protection, citing <u>In re Application of Maui Electric Company, Ltd.</u>, 141 Hawaiʻi 249, 260, 408 P.3d 1, 12 (2017) (stating that "in order for procedural due process protections to apply, Sierra Club must possess an interest which qualifies as 'property' within the meaning of the constitution.") (cleaned up)).  We need not decide whether Na Kiaʻi had a constitutionally protected property interest, because under de novo review we "may affirm a judgment of the lower court on any ground in the record that supports affirmance."  <u>State v. Fukagawa</u>, 100 Hawaiʻi 498, 506-07, 60 P.3d 899, 907-08 (2002).  Even if Na Kiaʻi had a constitutionally protected property interest, the record does not show that Na Kiaʻi was deprived of due process.

"Procedural due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner before governmental deprivation of [a] property interest."  <u>Ito v. Invs. Equity Life Holding Co.</u>, 135 Hawaiʻi 49, 73, 346

---

[3]     Haw. Const. art. I, § 5 provides:

No person shall be deprived of life, liberty or property without due process of law, nor be denied the equal protection of the laws, nor be denied the enjoyment of the person's civil rights or be discriminated against in the exercise thereof because of race, religion, sex or ancestry.

[4]     Haw. Const. art. XI, § 9 provides:

Each person has the right to a clean and healthful environment, as defined by laws relating to environmental quality, including control of pollution and conservation, protection and enhancement of natural resources.  Any person may enforce this right against any party, public or private, through appropriate legal proceedings, subject to reasonable limitations and regulation as provided by law.

P.3d 118, 142 (2015) (cleaned up). As best we can discern, Na Kiaʻi contends it was deprived of due process because none of its members received notice of the project. According to the complaint, this was because of Laulima "misleading in the naming of the development project submitted to the City & County of Honolulu with a place name that does not exist in Hawaiʻi according to Place Names of Hawaiʻi[.]" Na Kiaʻi doesn't cite to the record where Laulima's submission to the City can be found. We are not obligated to search the record for information that should have been provided by Na Kiaʻi. Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007). We note that DPP's report to the City Council on Laulima's HRS § 201H-38 application refers to the project as *Hale Makana O Maili*. Not *Māʻili*. It appears that Na Kiaʻi is arguing its members didn't realize the project was located in Māʻili because of the way its name was spelled. But DPP's report contains the tax map key number for the property involved, the names of streets and a stream bordering the property, and maps of the location. Under these circumstances, we decline to hold that the difference between *Maili* and *Māʻili* resulted in a denial of due process.[5]

The opening brief argues that "the very ordinance which authorized the housing development was misleading by failing to name the correct name of the street along which the Plaintiff members lived, calling it Kuaaupuni Street as opposed to the proper name, Kulaaupuni street[.]" The brief does not cite the ordinance. City Council Resolution No. 18-206, CD1, FD1 (Oct. 30, 2018) authorizing the HRS § 201H-38 exemptions refers to *Kulaaupuni* Street once, and to *Kuaaupuni* Street once, both in reference to the project's location. The draft environmental assessment contains multiple references to *Kulaaupuni* Street and does not use the name *Kuaaupuni*. Under these circumstances, we

---

[5]    We also note that Na Kiaʻi spells its name *Maʻili* rather than *Māʻili*. See Mary Kawena Pukui, Samuel H. Elbert & Esther T. Mookini, Place Names of Hawaii 139 (2nd ed. paperback 1976).

also decline to conclude that the single typographical error in the City Council resolution is of constitutional consequence.

Na Kiaʻi summarized its lack-of-notice arguments during the circuit court hearing as: "There was no mail sent to us. There was no signs put up in our area. No one called us, no one contacted us, and instead they just proceeded with this whole ball of wax[.]" The record shows, and Na Kiaʻi does not controvert, that Laulima presented the project during public meetings of the Waiʻanae Coast Neighborhood Board, the Nānākuli-Māʻili Neighborhood Board's Planning and Zoning Committee, and the Nānākuli-Māʻili Neighborhood Board. The record shows, and Na Kiaʻi does not controvert, that Laulima complied with HEPA's notice requirements. Na Kiaʻi cites no statute, administrative rule, or other law requiring notice by mail or posting under the circumstances of this case. See, e.g., HRS § 281-57 (Supp. 2019) (liquor license applicant must mail notice of hearing on application to owners of property within five hundred feet from applicant's premises).

The circuit court did not err by granting Laulima's and the City's motions to dismiss. The "Final Judgment in Favor of Defendants Laulima Development LLC and City and County of Honolulu" entered by the circuit court on August 10, 2020, is affirmed.

DATED: Honolulu, Hawaiʻi, September 16, 2024.

On the briefs:

Hayden F. Burgess,
for Plaintiff-Appellant
Na Kiaʻi O Maʻili, Inc.

Andrew J. Lautenbach,
Nainoa J. Watson,
for Defendant-Appellee
Laulima Development LLC.

Duane W. H. Pang,
Deputy Corporation Counsel,
City and County of Honolulu,
for Defendant-Appellee
City and County of Honolulu.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge